## BROOM *v.* ARMSTRONG.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF UTAH.

No. 40. Argued October 30, 1890. — Decided December 1, 1890.

In Utah an action under the statute (§ 3460 Compl. Laws Utah, 1888) to foreclose a chattel mortgage, if commenced while the lien of the mortgage is good as against creditors and purchasers, keeps it alive, and continues it until the decree and sale perfect the plaintiff's rights, and pass title to the purchaser.

Under § 3206 of the Compiled Laws of Utah, the rule of *lis pendens* applies to an action to foreclose a mortgage of personal property.

The enforcement of a mortgagee's rights under a chattel mortgage by a suit for foreclosure is commended as affording a safer and more adequate remedy than is afforded by actual seizure and sale of the mortgaged property, or by an action of replevin, detinue or trover.

THIS case arose upon a complaint filed in the District Court of Weber County, Utah Territory, on the 22d of July, 1885, by James C. Armstrong, the appellee, against Mills H. Beardsley, to foreclose a mortgage of certain chattels, made January 14, 1885, by Beardsley to Armstrong, as security for the payment of his promissory note of that date to Armstrong, for the sum of $8000, payable in four months, with interest from date at one per cent per month, payable monthly from date until paid, both before and after judgment, until maturity; and, if not paid at maturity, ten per cent additional, as cost for collection; which mortgage was duly recorded, as provided by the laws of the Territory.

On the 22d of September, thereafter, Armstrong, with leave of the court, filed an amended complaint, making John Broom and E. A. Whitaker parties defendant, in which he alleged that the two defendants Broom and Whitaker, after the orig-

inal suit was instituted, had claimed an interest in the mortgaged chattels; that Broom's claim arose from his being a purchaser of the mortgaged property at a sale on August 13, 1885, under an execution issued upon a judgment dated March 18, 1885, against the defendant Beardsley, in favor of the Utah National Bank, for three thousand one hundred and sixty dollars ($3160); that the property having been levied upon by the United States marshal and sold, as above stated, was delivered by the marshal to Broom, as purchaser thereof, and put into his possession; that Whitaker's claim arose out of a mortgage upon the same property, made to him by Broom, August 22, 1885, to secure the payment of four thousand one hundred and thirty dollars, ($4130,) advanced by him to Broom; that this action on the original complaint had been pending from the date of the filing thereof to that time; that a notice of the pendency thereof was filed in the recorder's office of Weber County, on the 11th of August, 1885; and that the defendants had due notice and actual knowledge of all these facts and proceedings at the time the levy was made on the mortgaged property, and at the time Broom received and took possession of the same. Wherefore, in addition to his prayer for foreclosure against Beardsley, in the original complaint, he prayed that the two defendants Broom and Whitaker, and all persons claiming under them, subsequently to the execution of said chattel mortgage, be foreclosed of all right or claim or equity of redemption in the said property, and every part thereof.

The defendants Broom and Whitaker, and the defendant Beardsley also, filed their respective demurrers to the amended and supplemental complaint, as not stating facts sufficient to constitute a cause of action, both of which demurrers were overruled. Thereupon the defendants Broom and Whitaker filed their separate answer setting up, among other defences, the levy upon the property mortgaged, the purchase by Broom at the judicial sale thereof, and the invalidity of the lien of the chattel mortgage after the expiration of ninety days from the maturity of the note which it secured.

The case was submitted to the court on the pleadings and

proofs. A decree was rendered for the plaintiff in accordance with the prayer of the amended complaint, finding that Beardsley was liable for the principal and interest due on the note, with ten per cent additional for collection, etc., and that the said amount was a valid lien upon the property described in the amended and supplemental complaint; and directing a sale of the mortgaged property to satisfy the same with costs, etc. The Supreme Court of the Territory affirmed the decree of the District Court, and that decree of affirmance was brought to this court for review by the present appeal.

*Mr. Samuel Shellabarger*, (with whom was *Mr. Jeremiah M. Wilson* on the brief,) for appellants.[1]

---

[1] Mr. Shellabarger's brief contained the following extracts from the Compiled Laws of Utah (1888) upon which he relied.

SEC. 2801. No mortgage of personal property shall be valid as against the rights and interests of any person, (other than parties thereto,) unless the possession of such personal property be delivered to, and retained by, the mortgagee, or unless the mortgage provide that the property may remain in the possession of the mortgagor, and be accompanied by an affidavit of the parties thereto, or, in case any party is absent, an affidavit of the parties present, and of the agent or attorney of such absent party, that the same is made in good faith to secure the amount named therein, and without any design to hinder or delay the creditors of the mortgagor.

SEC. 2802. Every mortgage of personal property shall be witnessed; acknowledged by the mortgagor, or person executing the same; and when the mortgage debt is satisfied shall be released by the mortgagee, in the same manner as is provided for mortgages of real property.

SEC. 2803. Every mortgage of personal property, together with the affidavit and acknowledgment thereto, shall, to constitute notice to third parties, be filed for record in the office of the recorder of the county where the mortgagor resides, or, in case he is a non-resident of this Territory, then in the respective offices of the recorders of each and every county where the personal property may be at the time of the execution of the mortgage; and each of said recorders shall, on receipt of such mortgage, endorse thereon the time of filing the same with him, and shall promptly record the same, together with said affidavit and acknowledgment, in a book to be kept in his office, properly indexed and specially provided for the record of chattel mortgages, and, when so recorded, deliver the same to the mortgagee.

SEC. 2805. Any mortgage of personal property, acknowledged and filed as hereinbefore provided, shall, thereupon, if made in good faith, be good and valid as against the creditors of the mortgagor and subsequent pur-

The main questions in this case are (1) whether the provision in § 2805 of the Compiled Laws of Utah, which declares that a mortgage of personal property, made in good faith in the manner provided by law and . recorded, shall be valid against creditors and subsequent purchasers from the time it

chasers and mortgagees, from the time it is so filed for record until the maturity of the entire debt or obligation, for the security of which the same was given, and for a period of ninety days thereafter; *Provided* the entire time shall not exceed one year.

SEC. 2809. An action for the foreclosure of a mortgage on personal property, or the enforcement of any lien thereon, of whatever nature, may be commenced, conducted, and concluded in the same manner as provided by law for the foreclosure of a mortgage or lien on real property and without the right of redemption. . . .

SEC. 2837. Every sale made by a vendor of goods or chattels in his possession, or under his control, and every assignment of goods and chattels, unless the same be accompanied by a delivery within a reasonable time, and be followed by an actual and continued change of the possession of the things sold or assigned, shall be conclusive evidence of fraud against the creditors of the vendor, or assignor, or subsequent purchasers in good faith. The word " creditors " as used in this section shall be construed to include all persons who shall be creditors of the vendor or assignor at any time while such goods and chattels shall remain in his possession or under his control.

SEC. 3206. In an action affecting the title, or the right of possession of real property, the plaintiff at the time of filing the complaint, and the defendant at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may file for record, with the recorder of the county in which the property, or some part thereof, is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action, or defence, and a description of the property in that county affected thereby. From the time of filing such notice for record only shall a purchaser or encumbrancer of the property affected thereby, be deemed to have constructive notice of the pendency of the action, and only of its pendency against parties designated by their real names.

SEC. 3460. There can be but one action for the recovery of any debt, or the enforcement of any right, secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter. In such action the court may, by its judgment, direct a sale of the encumbered property, or so much thereof as may be necessary, and the application of the proceeds of the sale to the payment of the costs of the court and the expenses of the sale and the amount due to the plaintiff; and sales of real estate under judgments of foreclosure of mortgages and liens are not subject to redemption as in case of sales under execution. . .

is filed for record until the maturity of the debt secured by it and for ninety days thereafter, means that it shall not be valid after the expiration of the ninety days when possession of the property is not taken by the mortgagee; and, (2) whether, assuming that such is its meaning, the pendency of a suit to foreclose the mortgage, and the filing of a *lis pendens* therein will nevertheless prevent the termination of the lien, as between the mortgagor and his creditors.

Section 2805 is in substance and legal effect a statutory provision that, in the absence of possession taken by the mortgagee, the lien terminates at the expiration of the ninety days.

Section 2837 renders an assignment like the present void as against creditors, except as protected by § 2805.

Putting these two sections together, we have an express statute, totally free from ambiguity and clearly mandatory in its requirements, enacting that no sale or assignment of chattels, whether made by a chattel mortgage executed, acknowledged and recorded, as provided in the mortgage statute, or otherwise, when unaccompanied by delivery of possession to the vendee or assignee, shall ever be otherwise than absolutely void after the expiration of ninety days from the maturity of the debt secured by the mortgage. This proposition does not seem to have been disputed below, but, on the contrary, was admitted by the court.

In order to escape from the termination of the lien by the operation of the statute, the appellee resorts to "interpretation" and "construction." But the rule applied by the courts to such statutes is, that they are to be construed strictly, and that no statute is to be construed as altering the common law further than its words import. *Shaw* v. *Railroad Co.*, 101 U. S. 557, 565.

In *Hamilton* v. *Russell*, 1 Cranch, 309, this court held that an absolute bill of sale of goods was fraudulent as to creditors unless possession accompanies and follows the deed; that the want of possession was not merely evidence of fraud, but was a circumstance *per se* which made the transaction fraudulent in point of law. In cases of absolute deeds of assignment,

that case has been followed in a multitude of cases since: as in *Moore* v. *Ringgold*, 3 Cranch C. C. 434; *Travers* v. *Ramsay*, 3 Cranch C. C. 354; *Meeker* v. *Wilson*, 1 Gallison, 419, 423, and cases cited in note; *Bank of Leavenworth* v. *Hunt*, 11 Wall. 391, 395. But where the deed provides for retention of possession by the assignor or vendor, the rule has been held to be that such retention of possession is simply evidence of fraud, and is not conclusive. *Conard* v. *Atlantic Insurance Co.*, 1 Pet. 386; *De Wolf* v. *Harris*, 4 Mason, 515; *United States* v. *Hooe*, 3 Cranch, 73; *Brooks* v. *Marbury*, 11 Wheat. 78; *Warner* v. *Norton*, 20 How. 448, 456; *People's Savings Bank* v. *Bates*, 120 U. S. 556, and cases cited.

These and numerous other decisions by this and other courts are not always reconcilable as to some points; but all agree, in substance, that the statute of Elizabeth, and statutes like said section 2837 of the Compiled Laws of Utah, are really in affirmance of the principles of the common law, and are within the rule which this court states in *Shaw* v. *Railroad Co.*, *supra*.

And it may be said to be a general rule that where possession of personal property is allowed to remain in the mortgagor after condition broken, it is a fraud as against persons subsequently dealing with him. *Gassner* v. *Patterson*, 23 California, 299; *Porter* v. *Parmley*, 52 N. Y. 185; *Porter* v. *Dement*, 35 Illinois, 479; *Chenyworth* v. *Daily*, 7 Indiana, 284; *Divver* v. *McLaughlin*, 2 Wendell, 696; *S. C.* 20 Am. Dec. 655; *Meyer* v. *Gorham*, 5 California, 322; *Cook* v. *Hager*, 3 Colorado, 386; *Crane* v. *Chandler*, 5 Colorado, 21; *McDowell* v. *Stewart*, 83 Illinois, 538.

In the following cases it was held that the mortgagee must take possession, within a reasonable time after default in payment of the debt secured by the mortgage; and that when possession remains with the mortgagor until default under a provision to that effect in the deed, if the possession be not then taken, the mortgage, after such default, is regarded as fraudulent: *Leaman* v. *Eager*, 16 Ohio St. 209; *Hanford* v. *Obrecht*, 49 Illinois, 146; *Wylder* v. *Crane*, 53 Illinois, 490; *Lemen* v. *Robinson*, 59 Illinois, 115; *Burnham* v. *Muller*, 61

Illinois, 453; *Barbour* v. *White*, 37 Illinois, 164; *Arnold* v. *Stock*, 81 Illinois, 407; *Dunlap* v. *Epler*, 88 Illinois, 82; *Chapin* v. *Whitsett*, 3 Colorado, 315.

Although these authorities might be indefinitely increased, going to the point that statutes tolerating chattel mortgages, where a change of possession does not occur, are strictly construed and never extended beyond the letter of the statute; yet we refrain from further citation because, in the case at bar, it is the effect of the statute itself that renders the lien void after the expiration of ninety days from the maturity of the mortgage debt; and we are not, therefore, here dependent upon any general principles of law in maintaining the expiration of the lien at the end of ninety days.

These authorities negative the proposition relied upon by appellee that, because the appellant had actual notice of the mortgage, such notice avoids the effect of the levy and sale.

It is settled law that actual knowledge of the existence of an imperfect or an unrecorded chattel mortgage does not prevent a valid levy, by or on behalf of the party having such knowledge. *Travis* v. *Bishop*, 13 Met. 304; *Shapleigh* v. *Wentworth*, 13 Met. 358; *Bingham* v. *Jordan*, 1 Allen, 373; *S. C.* 79 Am. Dec. 748; *Porter* v. *Dement*, 35 Illinois, 478; *Sage* v. *Browning*, 51 Illinois, 217; *Forest* v. *Tinkham*, 29 Illinois, 141; *Gregg* v. *Sanford*, 24 Illinois, 17; *S. C.* 76 Am. Dec. 719; *Henderson* v. *Morgan*, 26 Illinois, 431; *Sheldon* v. *Conner*, 48 Maine, 584; *Rich* v. *Roberts*, 48 Maine, 548; *Bevans* v. *Bolton*, 31 Missouri, 437; *Bryson* v. *Penix*, 18 Missouri, 13; *Harvey* v. *Crane*, 2 Bissell, 496; *Heryford* v. *Davis*, 102 U. S. 235; *Harkness* v. *Russell*, 118 U. S. 663, 680.

But it is contended that though taken by itself, section 2805 would render a chattel mortgage invalid after the expiration of the ninety days, yet, that the commencement of a suit to foreclose it has the effect to prolong the duration of the mortgage lien up to the close of the suit. To this we answer:

1. That this is in effect to add to the statute a condition which is not only not in it, but is, in legal effect, expressly prohibited by it, namely, a condition which says that the statute shall be so read that the said lien, which the statute termi-

nates at the end of ninety days, shall continue indefinitely after the expiration of the said ninety days, provided suit to foreclose is commenced within the ninety days. This addition is simply legislation, and is not interpretation.

2. The *lis pendens* accomplished by the commencement of the foreclosure suit is, at most, only a notice to, and an obligation upon, appellant, as purchaser *pendente lite*, which binds him to abide by whatever rights such suit shall finally adjudge to the complainant therein, as being held by him in the subject matter of the suit so pending when the purchase was made. *Warren County* v. *Marcy*, 97 U. S. 96. It does not change or add to the character or duration of the lien created by the chattel mortgage. It simply brings into court the question, what is the duration of the chattel-mortgage lien, as that duration is defined by the statute?

The result, therefore, is this: that since the mortgagee did not take possession within the ninety days, he did not perform the indispensable condition under which he could continue the existence of his mortgage lien after the expiration of the ninety days. He had a perfect right to commence his foreclosure suit; and had he taken possession within the ninety days, and before the levy, his *lis pendens* would have been conclusive against appellant. But he did no such thing as take possession. Therefore, his *lis pendens* has accomplished nothing for him in the way of excusing his taking possession of the property. And the question is left for the decision of this court whether such taking possession is, indeed, by the statute made to be a condition precedent to the continuance of the mortgage lien after ninety days.

That, therefore, presents to this court the question whether the commencement of the suit is, by the statute, made to be a substitute for that change of possession to the mortgagee which sections 2837 and 2805 require, in express terms, in order to a lien being continued beyond the said ninety days?

That it is the visible and overt act of actual change of possession from mortgagor to mortgagee — from vendor to vendee, or from assignor to assignee — which the statutes of frauds of all the States, and of Elizabeth, make to be essential

to the validity, as against creditors, of the transfer, cannot, we think, be reasonably disputed.

It is further said that it would be unreasonable and absurd to make the taking possession by the mortgagee of the mortgaged property a condition precedent to the continuance of his mortgage lien after said ninety days, because such possession might be refused by the mortgagor, and the mortgagee would thus be placed at the mercy of his mortgagor; and that said section 3460 does not allow, in cases of mortgage, any other action than the one to foreclose prescribed by it.

But the contract right to take possession, which is given by the mortgage, is not meant to be and cannot be destroyed by section 3460. That section admits of no such construction. Jones on Chattel Mortgages, § 706; *Lacey* v. *Giboney*, 36 Missouri, 323; *S. C.* 88 Am. Dec. 145; *Cleaves* v. *Herbert*, 61 Illinois, 126; *Barbour* v. *White*, 37 Illinois, 164; *Wood* v. *Weimar*, 104 U. S. 786; *Hervey* v. *Rhode Island Locomotive Works*, 93 U. S. 664, 672.

*Mr. John B. Goode* for appellee. *Mr. H. W. Smith* filed a brief for same. *Mr. J. G. Sutherland* and *Mr. J. R. McBride* also filed a brief for same.

MR. JUSTICE LAMAR, after stating the case as above reported, delivered the opinion of the court.

There seems to be no dispute as to any material fact in the case. The note and chattel mortgage sued upon were executed on the 14th of January, 1885, recorded on the 17th of the same month, and became due on the 14th of May, 1885. The action for foreclosure was commenced and the notice of pendency properly recorded within the ninety days provided by the statute of Utah for the lien to continue in force after the maturity of the debt secured by the mortgage. By the terms of the mortgage it was provided that the mortgaged property should remain in the possession of the mortgagor, who, in accordance therewith, retained such possession until the property was levied on and sold under execution against the mortgagor. This levy, therefore, was made after the ninety days from the maturity of the debt secured by the

mortgage had expired, and while the property was in the possession of the mortgagor.

The main contention of the appellants is, that the District and Supreme Courts erred in holding that the appellee by virtue of his mortgage and the pendency of the foreclosure suit, had a lien upon the property as against the levy and sale on the 13th of August, under which the appellant Broom made his purchase. This presents the question which really controls this case, viz.: did the appellee, on the day of sale, have any right or interest in the property superior to that of the appellant Broom?

. To sustain their contention, the appellants rely upon sections 2805 and .2837 of the Compiled Laws of Utah. The former of these sections provides that, " Any mortgage of personal property, acknowledged and filed as hereinbefore provided, shall, thereupon, if made in good faith, be good and valid as against the creditors of the mortgagor and subsequent purchasers and mortgagees, from the time it is so filed for record until the maturity of the entire debt or obligation for the security of which the same was given, and for a period of ninety days thereafter; *Provided* the entire time shall not exceed one year." Section 2837 provides that, " Every sale made by a vendor of goods or chattels in his possession or under his control, and every assignment of goods and chattels, unless the same be accompanied by a delivery within a reasonable time, and be followed by an actual and continued change of the possession of the things sold or assigned, shall be conclusive evidence of fraud against the. creditors of the vendor or assignor, or subsequent purchasers in good faith," etc.

It is contended with great earnestness that these two sections taken together constitute an express and mandatory enactment that any sale or assignment of goods and chattels, whether in the form of a chattel mortgage or otherwise, when unaccompanied by delivery of possession to the vendee, assignee or mortgagee, shall be absolutely void as to creditors of the latter or subsequent *bona fide* purchasers, after the expiration of ninety days from the maturity of the debt secured by the mortgage.

As opposed to the holding of the District and Supreme Courts that the commencement of the suit to foreclose keeps alive the lien of the mortgage, and continues it in force up to the foreclosure decree, it is insisted that the sections above quoted expressly limit the duration of the lien to the expiration of ninety days from the maturity of the debt; that to this clear and imperative limitation the statute makes no exception; that such a holding adds a condition which is not only not in the sections quoted, but is absolutely prohibited by them; and that said ruling is in contravention of the principle established by the courts that statutes authorizing chattel mortgages are to be strictly adhered to, and are never to be extended by construction beyond their letter. We cannot accept this view without coming in conflict with the manifest intent, and, in some cases, the express provisions of other sections of the Utah statutes applicable to this case, which should be construed *in pari materia* with those above quoted. Section 2801 in substance enacts that a mortgage of personal property executed, acknowledged and recorded according to law shall be valid as to all parties, even though the possession of the property be not delivered to, and retained by, the mortgagee, if the mortgage itself provides that the property may remain in the possession of the mortgagor and be accompanied by an affidavit required by that section. The section reads as follows:

"No mortgage of personal property shall be valid against the rights and interests of any person, (other than the parties thereto,) unless the possession of such personal property be delivered to, and retained by the mortgagee, or unless the mortgage provide that the property may remain in the possession of the mortgagor, and be accompanied by an affidavit of the parties thereto, or, in case any party is absent, an affidavit of the parties present, and of the agent or attorney of such absent party, that the same is made in good faith to secure the amount named therein, and without any design to hinder or delay the creditors of the mortgagor."

As the equivalent of the mortgagee's taking possession of the mortgaged property upon default of payment and within ninety days thereafter, a remedy in case of such default is

provided by express statutory enactment. Section 3460 of the Compiled Laws above mentioned provides that, "There can be but one action for the recovery of any debt, or the enforcement of any right, secured by mortgage upon real estate or personal property; which action must be in accordance with the provisions of this chapter. In such action the court may, by its judgment, direct a sale of the encumbered property, or so much thereof as may be necessary, and the application of the proceeds of the sale to the payment of the costs of the court and the expenses of the sale and the amount due to the plaintiff; and sales of real estate under judgments of foreclosure of mortgages and liens are not subject to redemption as in case of sales under execution."

This remedy of a suit for foreclosure of a chattel mortgage has been adopted in most of the States, and has been much commended by the courts and text writers as a safer and more adequate remedy for recovering debts secured by chattel mortgages, and enforcing the lien of the mortgagee, than that of actual seizure and sale of the property by the mortgagee, or than the action of replevin, detinue or trover. A judicial sale of the property and the application of the proceeds, as directed by the decree, make a record which will protect the mortgagee from the embarrassments and charges of unfairness in the conduct of the sale which attend the actual taking possession and sale of the property by the mortgagee without a decree of the court. So "that if it falls short of satisfying the debt, the mortgagee may have a decree for the residue; or, if there should be a surplus, that it may be awarded to the mortgagor, and so put an end to litigation. If the mortgagee should sell himself, there would be, in case of deficiency, an action at law to recover the remainder of the debt; or, if there should be a surplus, the mortgagor might sue for it. Equity makes an end of these matters." *Bryan* v. *Robert,* 1 Strob. Eq. 334, 342, per Chancellor Harper. We think a construction of the above-quoted sections of the statute should be in furtherance of these objects. But what avail would be such a remedy, as a means of enforcing the mortgagee's right, if his mortgage, valid and in full force at the commencement of his foreclosure

suit, is extinguished before a decree for the sale of the specific property can be rendered ?

We are of opinion that the Supreme Court is correct in its conclusion that the foreclosure "action having been commenced by plaintiff while the lien of the mortgage was good as against creditors [and purchasers], it kept the lien alive, and continued it until the decree and sale under it perfected his right with respect to it, and passed the title to the purchaser." We think this conclusion follows, necessarily, from the very nature of the proceeding directed by the Utah statute. It is, in its primary and controlling character, an action brought by the creditor against the specific property which has been mortgaged to him by his debtor, to have it seized and sold for the payment of his debt. Its object is to reach the property to which the lien attaches, and dispose of it by sale, in whatever hands it may be found, whether in the mortgagor's, in those of third persons or in those of the mortgagee himself. The special prayer of the original complaint is that a receiver may be appointed immediately by the court to take charge of, and hold possession of, said mortgaged property, and preserve the same until it can be sold on the judgment, order or decree of the court. It is, therefore, a proceeding *in rem*, as much so as an attachment suit against the property of an absent debtor, or a suit instituted to partition real estate. And the property is within the power of the court until the judgment or decree is entered, so that the lien upon it may be enforced, as the statute requires. *Pennoyer* v. *Neff*, 95 U. S. 714. The section with regard to foreclosure, which we have cited, is imperative. It expressly limits the mortgagee to that one action. Its language is : "There can be but one action for the  . . .  enforcement of any right  . .  .  secured by mortgage upon  . . .  personal property." Of course the mortgagee cannot institute his foreclosure suit until after the debt secured by it becomes due, and after the ninety days following begin to run. It is admitted that when this foreclosure suit was commenced the mortgage was good against creditors and subsequent purchasers, and that it was superior to the bank judgment when it was obtained, after the suit was

commenced. If we accept the construction contended for by the appellants, it must follow that unless the decree of the court shall be rendered within the remainder of the ninety days, such decree cannot enforce the lien of the mortgage; and the effect would be not only to render futile the action which the statute authorized the party to bring, but to take from the court the power to give effect to its decree, which, under the statute, it is bound to render.

It was found by the court below, and we think the finding is fully sustained by the evidence — in fact, it is not disputed — that the defendants Broom and Whitaker- had actual notice and full knowledge of the mortgage of Armstrong, and of the institution and pendency of the foreclosure proceedings, before their claim of interest or right in the property had arisen. The notice of the pendency of the suit was recorded before the ninety days from the maturity of the debt had expired. Under the Utah statutes the rule of *lis pendens* applies to an action to foreclose a mortgage of personal property, as well as to a similar action respecting real estate. Section 3206 of the Compiled Laws of Utah provides: " In an action affecting the title or the right of possession of real property, the plaintiff at the time of filing the complaint, and the defendant at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may file for record, with the recorder of the county in which the property, or some part thereof, is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action, or defence, and a description of the property in that county affected thereby. From the time of filing such notice for record only, shall a purchaser or encumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action, and only of its pendency against parties designated by their real names."

Section 2809 provides: " An action for the foreclosure of a mortgage on personal property, or the enforcement of any lien thereon, of whatever nature, may be commenced, conducted and concluded in the same manner as provided by law for the foreclosure of a mortgage or lien on real property and without the right of redemption."

We think, therefore, that the appellants Broom and Whitaker having had full notice, actual and constructive, of the mortgage and the pendency of the. suit commenced before the expiration of the ninety days, acquired no valid title to the property in question, and that the purchase of the property by the appellant Broom was subject to the rights of the appellee under his mortgage. His mortgagee, with like notice, can have no superior rights in the premises. That appellee's mortgage was executed to secure a *bona fide* debt, and in good faith, is not disputed.

The decree of the Supreme Court of the Territory of Utah is *Affirmed.*