### 11286

### TOLLNER *ET AL.* v. AMERICAN PUB. CO.
### (118 S. E., 619)

1. APPEAL AND ERROR—APPELLANTS MUST SHOW THAT REFUSAL TO SUBMIT PROPOSED QUESTIONS WAS MANIFEST ERROR.—Where appellants claimed that the trial Judge abused his discretion in refusing to submit proposed questions to the jury, appellants have the burden of showing manifest error.

2. JURY—IN FORECLOSURE ACTION, DEFENDANTS NOT ENTITLED TO JURY TRIAL OF ISSUE AS TO OWNERSHIP OF BONDS.—An action to foreclose a mortgage covering real and personal property given to secure bonds is an equitable case, and defendants are not entitled to a jury trial on the issue as to plaintiff's ownership of the bonds.

Before Wilson, J., Charleston, October, 1922.   Affirmed.

Foreclosure action by C. W. Tollner and others against the American Publishing Company and others.   From an order refusing to refer certain issues to the jury and ordering the cause to a reference before a Master, defendants appeal.

*Messrs. Logan & Grace, Hagood, Rivers & Young* and *John W. Cosgrove,* for appellants, cite:   *Judge should have submitted issues to jury:*   82 S. C., 150; 65 S. C., 455.

*Mr. Lionel K. Legge,* for respondent, cites:   *No issue for jury:*   12 S. C., 97; 54 S. C., 155; 3 Strob. Eq., 37; 14 S. C., 257; 82 S. C., 150; 90 S. E., 325; 113 S. E., 312.

July 31, 1923.

The opinion of the Court was delivered by Mr. Justice Fraser.

The appellants state their case as follows:

"This is an appeal from an order, dated October 16, 1922, of the Honorable John S. Wilson, presiding Judge, refusing the motion of the American Publishing Company and Albert Sottile, trustee, to submit certain issues of fact involved herein to a jury and ordering the cause for a hearing before F. K. Myers, Master.

"The complaint herein is framed as an action to foreclose a certain mortgage therein described which was executed to secure $40,000 of bonds issued by the American Publishing Company.   It is the contention of appellant, however, that the plaintiffs herein have no right, by the terms of the mortgage, at this time to call for foreclosure. To fully understand the position of appellants, a full statement of the facts involved is necessary.

"In December, 1919, the American Publishing Company executed and issued $40,000 worth of bonds payable to bearer and bearing interest at the rate of six per cent per an-

num, payable semiannually; maturity of the bonds being fixed for December 1, 1924. The bonds were of the denomination of $1,000 each, and were purchased by twenty of the stockholders of the company. To secure these bonds the company, on the same day, made and executed its deed of trust to Albert Sottile, trustee, covering its real estate and personal property as described in Paragraph 5 of the complaint.

"The deed of trust is quite lengthy, being more than seventeen typewritten pages and containing eighteen distinct paragraphs, defining and limiting the rights of the parties thereto and the beneficiaries thereunder. This suit was commenced by six of the bondholders. The complaint alleged default in the payment of interest and also that the trustee under the mortgage had refused to act, and for that reason plaintiffs brought the action in their own names.

"The answer of the defendants denied generally the allegations of the complaint and specifically that the plaintiffs were the owners of the twelve bonds referred to in Paragraph 4 of the complaint.

"The defendants further answered that the suit had been prematurely instituted and that the plaintiffs were not entitled to a foreclosure of the mortgage, and further that the trustee was not called on to act because of the failure of the the plaintiffs to comply with the terms of the trust deed which required the doing of certain things as conditions precedent to action by him. It raised also other issuable facts more particularly set forth therein.

"In due time, pursuant to Rule 28, the defendants served a notice to refer certain issues to a jury; plaintiffs meanwhile having served a notice to refer the whole cause to a Master.

"After argument, the Court made an order refusing to refer any of the issues requested to a jury, and ordering the cause to a reference before a Master of Charleston County.

Upon this state of facts and the order referred to, the case comes up for appeal."

I. There are four exceptions. Three of them complain of an abuse of discretion in refusing to submit the proposed questions to a jury. The appellants have not convinced this Court that there was manifest error, and these exceptions are overruled.

II. The third exception alleges that the answer of the defendants denies the plaintiffs' title to their bonds, and they are entitled to a trial by jury, as a matter of right. This exception cannot be sustained. The case was clearly one in equity, and the facts as to the title to personal property could be determined by the Court without a trial by jury.

The judgment appealed from is affirmed.

MR. CHIEF JUSTICE GARY did not participate.