12273

ARMOUR FERTILIZER WORKS v. BURCKHALTER *ET AL.*

(139 S. E., 465)

1. MORTGAGES—MISREPRESENTATION IN OBTAINING MORTGAGE TO SUPPLY MORTGAGOR WITH FERTILIZER CONSTITUTES DEFENSE TO ·FORE-

CLOSURE.—A misrepresentation in obtaining mortgage in the nature of a promise to supply mortgagor with fertilizer, if established, constitutes a complete defense to equitable cause of action for the foreclosure of the mortgage.

2. MORTGAGES—REFERENCE HELD ERRONEOUSLY ORDERED IN FORECLOSURE ACTION, WHERE DEFENDANT ALLEGED MISREPRESENTATION INDUCING MORTGAGE, THEREBY CREATING ISSUE OF FRAUD.—Where defendant in foreclosure action claimed misrepresentation inducing mortgage, thereby raising an issue of fraud, equitable in its nature, with the right to have such issue disposed of in the ordinary course of equitable proceedings, an order of reference on motion by plaintiff was erroneously granted, since compulsory reference cannot be ordered except in limited class of cases where issue involves taking of a long account.

3. PRINCIPAL AND AGENT—MORTGAGEE CANNOT CLAIM UNDER MORTGAGE, AND ALSO REPUDIATE PROMISE OF AGENT INDUCING EXECUTION THEREOF.—Mortgagee, claiming benefit of mortgage, cannot hold on to it and at the same time repudiate a promise made by its agent which induced the execution of the mortgage, if such be the fact.

4. JURY—DEFENDANT IN FORECLOSURE ACTION CANNOT CLAIM JURY TRIAL OF COUNTERCLAIM GROWING OUT OF MORTGAGE.—Mortgagor cannot, in foreclosure action, claim right to jury trial of counterclaim which grew out of very mortgage being foreclosed.

5. TRIAL—PRESIDING JUDGE HAS DISCRETION TO FRAME ISSUES.—Matter of framing issues rests in the discretion of the presiding Judge.

Before DENNIS, J., Barnwell, December, 1925. Modified.

Foreclosure action by the Armour Fertilizer Works against R. M. Burckhalter and Mrs. Bonner, wherein defendant last named answered, setting up her mortgage and joining in the prayer for foreclosure, and wherein the heirs at law of defendant first named were substituted as parties defendant after his death. Decree for plaintiffs, and substituted parties defendant appeal. Affirmed in part, and otherwise remanded.

*Messrs. Jas. A. Kennedy* and *Thomas M. Boulware,* for appellants, cite: *Principal estopped from denying authority of agent after accepting benefits from unauthorized act:* 96 S. C., 182. *Elements of equitable estoppel:* Pom. Eq. Jur., Sec. 805. *Error to grant order of reference unless long*

*account involved:* 133 S. C., 149.   *Jury better qualified to pass upon facts than judge:* 125 S. C., 271.

*Messrs. Harley & Blatt,* for respondents, cite: *Concurrent findings of Master and Circuit Judge not reversed unless against weight of testimony:* 29 S. C., 498; 114 S. C., 186; 101 S. C., 462; 96 S. C., 106.

September 19, 1927.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This action was instituted in November, 1924, for the purpose of foreclosing a mortgage executed by R. H. Burckhalter to H. C. Humphreys, trustee, on December 2, 1921, covering the real estate described in the complaint, securing a bond for $497.20, for fertilizers furnished by the plaintiff to him in 1921.   It appears to be conceded that the mortgage was executed for the benefit of the plaintiff, to whom it was later transferred.

The defendant Mrs. Bonner is a mortgagee of Burckhalter, holding a mortgage senior to that held by the plaintiff.   She answered, setting up her mortgage as the first lien, and joining in the prayer for foreclosure.   As to her mortgage there does not appear to be any controversy.

Burckhalter answered, admitting the execution of the bond and mortgage held by the plaintiff and setting up two defenses: (1) That the mortgage was obtained by false representations in the promise of the plaintiff to supply him with fertilizers for the year 1922, a promise which the plaintiff at the time did not intend to keep, and which it did not keep.   (2) A counterclaim for $3,000 damages resulting from the breach by the plaintiff of that promise.   (During the pendency of the litigation Burckhalter died, and his personal representative and heirs at law were substituted as parties defendant.)

After issue joined, the defendant Burckhalter moved for an order framing issues of fact raised by his answer and counterclaim, and the plaintiff and the defendant Mrs. Bonner moved that all issues of law and fact be referred to the master. Both motions came on to be heard by his Honor Judge Townsend at the same time. On February 18, 1925, he filed an order refusing the defendant's motion for an order framing issues, and granting the plaintiff's motion (joined in by Mrs. Bonner) for an order referring certain issues to the master in the following terms:

"It is therefore ordered that the issues in this action be referred to G. M. Greene, Esq., master for Barnwell County, to take the testimony and report his findings of fact and conclusions of law, except as to the amount of damages, if any, which the defendant Burckhalter may be entitled to recover for breach of contract to furnish him fertilizers for the year 1922, if the Court should determine that there was a contract to furnish fertilizers for the year 1922, and that there has been a breach of such contract. If it should be determined by the Court that there was a contract to furnish fertilizers for the year 1922 to the defendant Burckhalter, and that the plaintiff has fraudulently breached such contract, then the amount of damages arising out of such breach should be determined by a jury, but the submission of that question to the jury will await the determination of the prior question whether or not there was such contract to furnish fertilizers for the year 1922, as a basis for the giving of the mortgage sued on.

"The effect of this order is to refer the issues as to what contract the mortgage sued on was given under to the master to hear and determine, and upon the coming in of his report, if it should appear that the mortgage sued on was given under an agreement that the plaintiff should furnish fertilizers for the year 1922 and that there has been a breach of such an agreement by the plaintiff, then the issue will be submitted to the jury as to what amount of damages the

defendant Burckhalter is entitled to recover by reason of the breach of such agreement by plaintiff."

Testimony was taken under this order, and on the————day of————, 1925, the master filed his report in which he held that while there was some evidence tending to establish the agreement relied upon, "when he (Burckhalter) signed that bond and mortgage with full notice that plaintiff had already refused to advance him, and that the agent with whom he was dealing was without authority to bind his principal, Mr. Burckhalter will not now be heard to claim misrepresentations to induce him to sign the contract." He, in effect, held that upon legal grounds the agreement to furnish fertilizers for the year 1922 had not been established, and hence that there was no foundation for the defendant's counterclaim. He accordingly recommended foreclosure and sale and the application of the proceeds to the respective mortgages of Mrs. Bonner and the plaintiff.

Upon exceptions to the master's report, the matter was heard by his Honor Judge Dennis, who filed a decree, the date of which does not appear in the record, in which, while not agreeing entirely with the master, he says:

"Yet I have reached the same conclusion, and therefore overrule the exceptions to the master's report, and confirm his report, and make the same the judgment of this Court."

His decree appears to be based mainly upon the ground:

"Long after the mortgage was given and long after the plaintiff had refused to furnish Burckhalter fertilizer, he admitted the indebtedness on numerous occasions, made part payment on the bond and mortgage, and promised to pay the balance due if the plaintiff would give him time. At no time did he make any contention that the bond and mortgage was not valid. I think that this conduct on his part waived any objection that he might have had to the mortgage, and validated the same, and made it binding upon him."

From this decree the defendants have appealed.

1–3   The defendant's defense under the alleged agreement, that the mortgage was obtained by reason of a representation in the nature of a promise that the plaintiff would supply Burckhalter with fertilizers for the year 1922, which promise at the time the plaintiff did not intend to keep, if established, would have been a complete defense to the plaintiff's equitable cause of action for the foreclosure of the mortgage. *Palmetto B. & T. Co. v. Grimsley,* 134 S. C., 493; 133 S. E., 437. The matter of waiver referred to in the decree of Judge Dennis was in the nature of a rebuttal of the defendant's contention as to the agreement to furnish fertilizers. The defense of the defendant involved an issue of fraud, equitable in its nature, which the defendant had the right to have disposed of in the ordinary course of equitable proceedings. As has frequently been decided, a compulsory reference cannot be ordered except in a limited class of cases, where the issue involves the taking of a long account. *Bank v. Helms,* 140 S. C., 103; 138 S. E., 622, and cases cited therein. The order of reference signed by his Honor Judge Townsend is reversed, and all subsequent proceedings except as affecting Mrs. Bonner fall with it. Of course, no opinion as to the establishment of the facts at issue is expressed or intimated. The plaintiff cannot stand upon the ground taken by the master, that the agent who may have induced the execution of the mortgage had no authority to make the alleged agreement. The plaintiff, claiming the benefit of the mortgage, cannot hold on to it and at the same time repudiate a promise made by its agent which induced the execution of the mortgage, if such be the fact.

4   Under the cases of *Mobley v. McLucas,* 99 S. C., 99; 82 S. E., 986, and *Pratt v. Timmerman,* 69 S. C., 186; 48 S. E., 255, and the cases cited therein, the defendant had no right to claim a trial by jury of the

counterclaim, as it grew out of the very mortgage being fore-closed.

The matter of framing issues was one in the discretion of the presiding Judge.

As there is no contest over the mortgage of Mrs. Bonner, it does not seem just that she should wait until the defendant's controversy with the plaintiff has been determined.

The decree of foreclosure so far as it affects her interests is affirmed, and the case is remanded. to the Circuit Court for a determination of the issues raised between the other defendants and the plaintiff, in equity.

Messrs. Justices Blease, Stabler and Carter concur.

Mr. Chief Justice Watts (dissenting): This is an appeal from a decree of Judge Dennis and from an order of reference made by his Honor Judge Townsend in the cause. The sixth exception was withdrawn at the hearing.

We have a concurring finding of fact by the Master and Circuit Judge. I see no error on the part of Judge Townsend in the order of reference.

It has been repeatedly held by this Court that it is incumbent on the appellant to satisfy this Court of error, and that this Court will not disturb the finding of the Circuit Court unless the preponderance of the evidence is against his finding. In this case appellants have failed to do this. I am satisfied with the decree of Judge Dennis, and think that all exceptions should be overruled and judgment affirmed.