14198

CLEVELAND v. BOMAR *ET AL.*

(183 S. E., 34)

*Mr. T. B. Butler*, for appellant,

*Messrs. J. D. Andrews* and *R. B. Paslay*, for respondent,

January 3, 1936.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

This is an action for the foreclosure of a mortgage of real estate, dated September 23, 1929. It was executed by the defendant Horace L. Bomar, and was given to one H. M. Cleveland to secure a note payable one year from date thereof.

The complaint alleged that the note and mortgage, the execution of which was admitted by Bomar, had been assigned by Cleveland to Agnes S. Myers, who died in 1934, and of whose estate the plaintiff, Prudence M. Cleveland, was administratrix. On the hearing before the Master, Bomar was allowed, in view of the testimony of H. M. Cleveland, to amend his answer by alleging that the action was not brought in the name of the real parties in interest and for that reason could not be maintained by the plaintiff. The Master refused to dismiss the case on that ground, stating that "the note itself shows that it was assigned to Mrs. Myers." The Circuit Judge, on exception to the report, confirmed this finding.

While it is true that the note had been assigned to Mrs. Myers, Cleveland testified that she took, under her husband's will, only a life interest in his estate, of which the money used to purchase the note and mortgage was a part, and that after her death, as provided by the will, the estate went to his or their children named in such document. We quote here some of the testimony of H. M. Cleveland:

"Q. Mr. Cleveland, did you know when you went down to the Probate Court to get this letter of administration that Mrs. Myers owned this note and mortgage? A. Yes, I was familiar that she had a life estate in this, and that at her death it should go to her children, and I think that the will specified what children.

"Q. In other words, these funds belonged to her children? A. That is correct, the proceeds of this note, and it was sought to be foreclosed for distribution.

"Q. Mr. Cleveland, what was Mr. Myers' name? A. Thomas J. Myers.

"Q. Was his estate administered on in this county? A. I think it was probated in Gadsden, Ala.; I think that is right now; his brother-in-law was the executor handled it; there was considerable personal property, but no real estate.

"Q. Was this note and mortgage the proceeds of the same, under that will? A. That was a life interest that she received from his estate."

We think that this testimony is conclusive that the respondent, plaintiff below, is not the real party in interest. It is undisputed that Mrs. Myers, the deceased, took only a life interest, under her husband's will, in the funds in question, the remainder therein descending upon her death to the children named in the will, who upon the death of the life tenant immediately became entitled thereto and to investments representing such funds as part of the estate descending to them. They are the real owners of the note and mortgage here sought to be foreclosed by the respondent, and no reason is advanced why they may not bring suit in

their own name asking that the mortgage be foreclosed and the property sold for their benefit. It seems clear that the motion to dismiss the case, upon the grounds made, should have been granted.

The judgment of the Circuit Court is reversed and the complaint dismissed.

MESSRS. JUSTICES CARTER, BONHAM, BAKER and FISHBURNE concur.