18231

G. Delores COLLIER, Respondent, v. Ralph T. GREEN, Appellant
(137 S. E. (2d) 277)

*Messrs. Smith & Drawdy,* of Columbia, *for Appellant,*

*James D. Walters, Esq.,* of Columbia, *for Respondent,*

June 25, 1964.

Moss, Justice.

Ralph T. Green, the appellant herein, admits that on August 30, 1958, he made, executed and delivered to C. W. Cheeks his promissory note, whereby he promised to pay the principal sum of $3,200.00 in stated monthly installments. He further admits that in order to secure the payment of the aforesaid note, that he made, executed and delivered to C. W. Cheeks a real estate mortgage securing the payment of the aforesaid note and creating a lien upon a parcel or lot of land located near the City of Columbia, in the County of Richland, South Carolina.

G. Delores Collier, the respondent herein, commenced this action on August 24, 1962, for the purpose of foreclosing the aforesaid mortgage, alleging that he was the owner and holder of said note and real estate mortgage and that the same had been duly assigned to him by C. W. Cheeks on

November 10, 1960. It is then alleged that the terms and conditions of the said note and mortgage had been breached and that the respondent, the owner and holder of said note and mortgage, had declared the entire mortgage debt due and payable. It is further alleged that the mortgage herein was being foreclosed subject to a first mortgage lien.

The appellant answered the complaint, within twenty days after the service thereof, admitting the execution and delivery of the aforesaid note and mortgage and set up by way of an affirmative defense (1) that the respondent in this action was not the real party in interest; (2) that the respondent has no actual interest or ownership in said note and mortgage; and (3) that the said assignment of the note and mortgage to the respondent was made solely for the purpose of cutting off any defenses which the appellant had against C. W. Cheeks, the real owner of said note and mortgage. It is further alleged in the answer that there are certain moneys due on the said promissory note to the said C. W. Cheeks and that the appellant has a defense in whole and in part to any action brought upon the said note and mortgage against him by the said Cheeks.

Subsequent to the filing of the aforesaid answer by the appellant he made a motion for an order allowing him to amend his answer so as to file a cross complaint against Cheeks. This motion was denied by the trial Judge upon the ground that the appellant had no right to file a cross complaint against Cheeks, in the present action, for the reason that Cheeks was not a party to said action. There was no appeal from this order.

The respondent, by motion dated January 13, 1964, moved for an order referring all issues of law and fact in this case to the Master in Equity for Richland County. The appellant resisted the motion on the ground that his defenses to the foreclosure of the mortgage should be tried by a jury. By order, dated February 5, 1964, the motion of the respondent was granted upon the ground that an action for the fore-

closure of a real estate mortgage is an equitable one and the defenses of the appellant to such cause of action could properly be tried and determined by the Master. Timely notice of intention to appeal from such order was given by the appellant.

The appellant asserts that the trial Judge erred in granting a general order of reference in violation of his right to a trial by jury upon the issue as to whether the respondent was the real party in interest. He asserts that this question of fact should have been submitted to a jury for determination and the motion for an order of reference should have been refused.

Section 10-207 of the Code provides that every action must be prosecuted in the name of the real party in interest, with the exceptions therein stated which are not here applicable. This rule has been applied to actions for the foreclosure of a real estate mortgage. *Cleveland v. Bomar,* 178 S. C. 455, 183 S. E. 34.

An action for the foreclosure of a real estate mortgage is one in equity. *Carsten v. Wilson,* 241 S. C. 516, 129 S. E. (2d) 431.

Section 10-1402 of the 1962 Code provides when a reference may be compulsorily ordered. This section provides:

"When the parties do not consent the court may, upon application of either or its own motion, direct a reference in the following cases:

"(1) In all equitable actions and of equitable issues in actions at law."

Once it has been determined that the complaint states a cause of action which is equitable as distinguished from one cognizable only at law, it necessarily follows that a compulsory order of reference was not improper. *Judson Mills v. Norris,* 166 S. C. 422, 164 S. E. 919. We quote from the cited case the following:

"If the case is one in equity, the facts set forth in the complaint, to which objection is made, are pertinent as show-

ing the propriety and necessity for resorting to a court of equity and in showing the inadequacy of the legal remedy.

"It is well established by the authorities that suit may be instituted in equity for the foreclosure of mortgages on personal property and of liens by way of pledge upon stock and bonds, and that this is especially true where the debt, and/or the lien, is in dispute. In such a suit all questions arising under the plaintiff's claim can be determined, making an end to litigation. See *Bryan v. Robert,* 1 Strob. Eq. 334; *Stokes v. Liverpool & L. & G. Ins. Co.,* 130 S. C. 521, 126 S. E. 649; *Broom v. Armstrong,* 137 U. S. 266, 11 S. Ct. 73, 34 L. Ed. 648; 49 C. J. 1013, 1014; 21 R. C. L. § 54; Jones on Pledges, §§ 644, 645, 646 and 648; Pomeroy on Eq. Jur. (4th Ed.) § 1230; 6 Fletcher on Corp. § 3931; 6 Thompson on Corp. (3d Ed.) § 4293.

"Nor is the nature of the action changed by reason of the fact that the defendants have, in their answers, set up defenses and counterclaims based upon alleged misrepresentations in the transaction upon which the plaintiff's note and pledge are predicated. The questions raised by these defenses and counterclaims directly affect the validity of the plaintiff's lien and the question as to the amount due upon the debt secured by the lien. Where, in actions of foreclosure, the defendant sets up a defense and/or a counterclaim affecting the consideration, and arising out of the transaction in which the mortgage or lien was created, the authorities hold that the issues thus raised are equitable and are to be tried by the court upon its equity side. *Hunt v. Nolen,* 46 S. C. 551, 553, 24 S. E. 543; *McLaurin v. Hodges,* 43 S. C. 187, 20 S. E. 991; *Armour Fert. Works v. Burckhalter,* 141 S. C. 232, 237, 139 S. E. 465; *Mobley Co. v. McLucas,* 99 S. C. 99, 82 S. E. 986."

The case of *McLaurin v. Hodges,* 43 S. C. 187, 20 S. E. 991, was an action to foreclose a real estate mortgage, the defendant pleaded usury and a counterclaim for double the excessive interest paid by her, and the Circuit Judge ruled

that she was entitled to have the issues thus raised by her answer passed upon by a jury. This Court reversed such ruling and held that the defense and counterclaim affected directly the amount due on the mortgage, and was not a defense separable from plaintiff's equitable cause of action. All of the issues were, therefore, triable under the rules of equity.

The case of *Hunt v. Nolen,* 46 S. C. 551, 24 S. E. 543, was an action of foreclosure and the defense was that there was a partial failure of consideration. This Court held that the issues were all equitable in nature.

In the case of *Mobley Co. v. McLucas,* 99 S. C. 99, 82 S. E. 986, this Court held that the defendant was not entitled to a jury trial of issues raised by plea of failure of consideration, and counterclaim alleged to grow out of plaintiff's failure to perform its contract, in an action for foreclosure of a mortgage to secure purchase money of fertilizers sold by plaintiffs to defendants for agricultural purposes; and an appeal from an order of reference which the defendants contended deprived them of a trial by jury, should be dismissed.

The case of *Livingston Holding Co. v. Avinger,* 183 S. C. 1, 189 S. E. 806, was an action to foreclose a real estate mortgage assigned to the plaintiff by a bank. This Court held that in such an action to foreclose a mortgage executed by husband and wife wherein the wife alleged that her husband by duress and fraud had obtained her signature, the Court did not err in denying jury trial and referring the case to a referee for trial.

The case of *Tollner v. American Publishing Co.,* 125 S. C. 317, 118 S. E. 619, was an action to foreclose a mortgage covering real and personal property given to secure bonds. The defendants denied that the plaintiffs were the owners of the bonds in question and pursuant to Circuit Court Rule 28 served a notice to refer certain issues to a jury. From an order refusing to refer any of the issues re-

quested to a jury and ordering the cause to a reference before the Master of Charleston County, the defendants appealed to this Court. This Court affirmed, holding that the defendants were not entitled to a jury trial on the issue as to the plaintiff's ownership of the bonds because the case was one clearly in equity and the facts as to the title to the said bonds could be determined by the Court without a trial by jury.

The appellant argues that if it be conceded that the respondent was entitled to an order of reference, such order must necessarily have been made pursuant to Section 10-1402 of the Code, which is limited by Section 10-1403 by the provision that such section shall not be construed so as to deprive any party of a trial by jury of any case or issue upon which he is entitled to a trial by jury as a matter of right. He asserts that the order of the trial Judge should have provided for the framing of the factual issue to be tried by jury in compliance with Section 10-1057 of the Code and Art. V, Section 22, of the 1895 Constitution of this State. This argument overlooks the fact that there are two general modes of trial, trials by Court and trials by jury. To the Court belongs all issues of law and all cases in chancery, and to the jury all questions of fact in cases at law for the recovery of money or of any specific real or personal property, *Meetze v. Charlotte, Columbia & Augusta Ry. Co.,* 23 S. C. 1; but the constitutional declaration that "the right of jury trial shall remain inviolate" does not apply to cases within the equitable jurisdiction of the Court. *Lucken v. Wichman,* 5 S. C. 411.

In all equity cases, the presiding Judge may, in his discretion, cause to be framed an issue or issues of fact to be tried by a jury. Section 10-1057 of the Code. The discretion of the trial Judge, in refusing to frame an issue or issues to be tried by a jury, will not be interfered with by this Court in the absence of an abuse of such discretion. *Erskine v. Erskine,* 107 S. C. 233, 92 S. E. 465.

This being an action in equity, the parties were not entitled to a trial by jury as a matter of right. The framing of issues was addressed to the sound discretion of the trial Judge. He was fully empowered to refuse to submit issues to the jury and either refer the case or determine the questions involved without a reference. Even when a party requests that an issue be framed for trial by a jury, pursuant to Section 10-1057 of the Code, and Rule 28 of the Circuit Court, with which said rule the appellant here did not comply, the matter is still, by express terms of the statute, in the discretion of the Court.

We find no abuse of discretion on the part of the trial Judge in entering a general order of reference to the Master.

Affirmed.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.