**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Bank of New York Mellon, as Successor Trustee under NovaStar Mortgage Funding Trust, Series 2004-1, Appellant,

v.

Rachel R. Lindsay, Jeffrey Wayner, Tammy Wayner, Tiffany Spann-Wilder, Esq., The Steinberg Law Firm, and United States of America acting by and through its agency, the Internal Revenue Service, Defendants,

Of whom Rachel R. Lindsay is the Respondent.

Rachel R. Lindsay, Respondent,

v.

Saxon Mortgage Services, Inc., Appellant.

Appellate Case No. 2013-002066

―――――――――

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2015-UP-208
Heard March 11, 2015 – Filed April 22, 2015

―――――――――

**REVERSED**

Benjamin Rush Smith III and Allen Mattison Bogan, of
Columbia, and Merritt Gordon Abney and Dow Ambrose
Davidson, of Charleston, all of Nelson Mullins Riley &
Scarborough, LLP, for Appellants.

G. Thomas Hill, of Hill & Hill, LLC, of Ravenel, for
Respondent.

**PER CURIAM:**  In this contested mortgage foreclosure action, Bank of New
York Mellon (Bank) and Saxon Mortgage Services, Inc. (Servicer) (collectively,
Appellants), challenge the circuit court's order denying their joint motion for an
order requiring a non-jury trial and striking Rachel R. Lindsay's demand for a jury
trial.  Appellants argue the circuit court erred in concluding Lindsay was entitled to
a jury trial on her counterclaims and third-party claims because the entire action
lies in equity and none of Lindsay's counterclaims or third-party claims are both
legal and compulsory.  We reverse.

"Generally, the relevant question in determining the right to trial by jury is whether
an action is legal or equitable; there is no right to trial by jury for equitable
actions." *Lester v. Dawson*, 327 S.C. 263, 267, 491 S.E.2d 240, 242 (1997).  "The
character of an action as legal or equitable depends on the relief sought." *Cedar
Cove Homeowners Ass'n v. DiPietro*, 368 S.C. 254, 258, 628 S.E.2d 284, 286 (Ct.
App. 2006).  "[A]n action sounding in law may be transformed to one in equity
because equitable relief is sought." *Ins. Fin. Servs., Inc. v. S.C. Ins. Co.*, 271 S.C.
289, 293, 247 S.E.2d 315, 318 (1978); *see also Crewe v. Blackmon*, 289 S.C. 229,
232-33, 345 S.E.2d 754, 756-57 (Ct. App. 1986) (concluding that although a
complaint included allegations of fraud and misrepresentation, the action was one
in equity when most of the relief sought was equitable in nature).

"Because a foreclosure action is one sounding in equity, a party is not entitled, as a
matter of right, to a jury trial." *Carolina First Bank v. BADD, L.L.C.*, Op. No.
27486 (S.C. Sup. Ct. filed Jan. 28, 2015) (Shearouse Adv. Sh. No. 4 at 21, 24).  In
*Collier v. Green*, our supreme court explained that in a mortgage foreclosure
action, counterclaims relating to the plaintiff's right to foreclose or the amount due
on the debt secured by the mortgage are merely part of the equitable action and the
defendant has no right to a jury trial on such claims.  244 S.C. 367, 371-72, 137

S.E.2d 277, 280 (1964).  "Where, in actions of foreclosure, [the] defendant sets up a defense and/or a counterclaim affecting the consideration, and arising out of the transaction in which the mortgage or lien was created, the authorities hold that the issues thus raised are equitable and are to be tried by the court upon its equity side."  *Id.* at 371, 137 S.E.2d at 280; *see also Carolina First* at 24 (referencing the role played by the Act of 1791 in vesting courts of equity with jurisdiction to decide "mortgage-related disputes"); *id.* at 24-25 ("The power to render a deficiency judgment is included within the jurisdiction of courts of equity.").

Here, Lindsay's first eight counterclaims are based on Bank's alleged misapplication of several mortgage payments made by Lindsay.[1]  Regardless of the label attached to each of these counterclaims, they are equitable in nature because they ultimately relate to the amount due on the underlying debt.  *See Collier*, 244 S.C. at 371-72, 137 S.E.2d at 280.  Therefore, Lindsay is not entitled to a jury trial on these claims.  *See id.*

As to the following four counterclaims,[2] they are based on the allegation that Appellants published false information about Lindsay.  These counterclaims are permissive, rather than compulsory, because they do not affect the enforceability of the note secured by the mortgage, which is the "transaction or occurrence" that is the subject of Bank's foreclosure complaint.  *See* Rule 13(a), SCRCP ("A pleading *shall* state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it *arises out of the transaction or occurrence* that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." (emphases added)); *Carolina First* at 26 (holding a counterclaim is compulsory if it arises out of the same transaction or occurrence as the plaintiff's claim); *N.C. Fed. Sav. & Loan Ass'n v. DAV Corp.*, 298 S.C. 514,

---

[1] Lindsay's first eight counterclaims against Bank and her identical first eight third-party claims against Servicer are styled as "Breach of Contract," "Negligence," "Fraud/Fraud in the Inducement," "Negligent Misrepresentation," "Promissory Estoppel," "SC Unfair Trade Practices Act," "Quantum Meruit/Unjust Enrichment," and "Intentional Infliction of Emotional Distress."

[2] These four counterclaims are styled as "Invasion of Privacy," "Defamation," "Intentional Interference with Existing Contracts," and "Intentional Interference with Prospective Contractual Relations."  Lindsay has asserted four identical third-party claims against Servicer.

519, 381 S.E.2d 903, 905 (1989) (holding a foreclosure defendant's counterclaim alleging the plaintiff's breach of two agreements to purchase the defendant's interest in a joint venture was permissive because the alleged agreements did not affect the enforceability of the note).

Further, all of Lindsay's third-party claims against Servicer are permissive by nature. *See* Rule 14(a), SCRCP ("At any time after commencement of the action a defending party, as a third-party plaintiff, *may* cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." (emphasis added)); *Carolina First* at 22-23 n.2 (noting that the third-party claims of a foreclosure defendant against the plaintiff's alleged co-conspirator were permissive); *N.C. Fed. Sav. & Loan*, 298 S.C. at 519, 381 S.E.2d at 906 ("Generally, cross-claims are permissive, as are third party claims." (citations omitted)).

If a defendant in a mortgage foreclosure action asserts a permissive counterclaim or a third-party claim, the defendant waives any right to a jury trial she may have on that claim. *See Carolina First* at 22-23 n.2 (holding that a defendant's third-party claims were permissive and, thus, he was not entitled to a jury trial on them); *N.C. Fed. Sav. & Loan*, 298 S.C. at 519, 381 S.E.2d at 906 (holding that a defendant in a foreclosure action waived its right to a jury trial on a claim by bringing it as a permissive counterclaim in the foreclosure action); *Johnson v. S.C. Nat'l Bank*, 292 S.C. 51, 55, 354 S.E.2d 895, 897 (1987) (holding if a defendant in an equitable action asserts a permissive counterclaim, the defendant waives his right to a jury trial on that claim). Therefore, Lindsay has waived her right to a jury trial on all of her third-party claims and her counterclaims for Invasion of Privacy, Defamation, Intentional Interference with Existing Contracts, and Intentional Interference with Prospective Contractual Relations.

Lindsay's final two counterclaims and identical third-party claims seek injunctive relief and are, therefore, equitable in nature.[3] *See Cedar Cove*, 368 S.C. at 258, 628 S.E.2d at 286 (concluding that an action seeking injunctive relief is one in equity); *id.* ("The character of an action as legal or equitable depends on the relief

---

[3] Lindsay's final two counterclaims and identical third-party claims are (1) "Declaratory Judgment for Compliance with Homeowner Affordability and Stability Plan and United States Treasury Supplemental Directive 09-01, April 6, 2009" and (2) "Declaratory Judgment ordering correction of credit reports."

sought.").  Therefore, Lindsay has no right to a jury trial on these claims.  *See Lester*, 327 S.C. at 267, 491 S.E.2d at 242 (holding there is no right to trial by jury for equitable actions).

**REVERSED.**

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**