23001

NORTH CAROLINA FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff v. DAV CORP., Parasol Development Corporation and Carolina FinCorp., Inc., now by change of name NCF Financial Corporation, all d/b/a Parasol Inn Joint Venture, and Petite Paris, Inc., Defendants,

Of which DAV CORP. is Third-Party Plaintiff v. PARASOL DEVELOPMENT CORPORATION, Carolina FinCorp., Inc., now NCF Financial Corporation, Roger Van Wie, Geoffrey Van Wie, and Resort Management Group, Inc., Third-Party Defendants,

Of which PARASOL DEVELOPMENT CORPORATION is Third-Party Plaintiff v. Daniel A. VOGEL, Jr., Second Third-Party Defendant.

NCF FINANCIAL CORPORATION, is the Third-Party Plaintiff v. RESORT MANAGEMENT GROUP, INC., Roger Van Wie and Geoffrey Van Wie, Third-Party Defendants, OF WHOM North Carolina Federal Savings and Loan Association, Parasol Development Corporation, Carolina FinCorp., Inc., now by change of name NCF Financial Corporation, Roger Van Wie, Geoffrey Van Wie, and Resort Management Group, Inc. are Respondents, and DAV Corp., who is Petitioner.

(381 S. E. (2d) 903)

Supreme Court

*John M. Leiter,* of *Leiter & Tall,* Myrtle Beach, *for petitioner DAV Corp.*

*J. Rutledge Young, Jr.,* and *Stephen P. Groves,* of *Young, Clement, Rivers & Tisdale,* Charleston, *for respondents Par-*

*asol Development Corp., Roger Van Wie, Geoffrey Van Wie,*
and *Resort Management Group, Inc.*

*Joel W. Collins, Jr.,* of *Collins & Lacy,* Columbia, *for
respondent Carolina FinCorp., Inc., now known as NCF
Financial Corp.*

*Steven H. John,* North Myrtle Beach, *for respondent North
Carolina Federal Sav. and Loan Ass'n.*

*H. Dave Whitener, Jr.,* Columbia, *amicus curiae, for S. C.
League of Savings Institutions, S. C. Bankers' Ass'n* and *the
Mortgage Bankers of the Carolinas.*

Heard Jan. 23, 1989.

Decided April 10, 1989.

GREGORY, Chief Justice:

This case is before us on a writ of certiorari to the Court
of Appeals to review its decision reported at 294 S. C. 27, 362
S. E. (2d) 308 (Ct. App. 1987). We reverse in part and affirm
in part.

Respondent North Carolina Federal Savings and Loan
Association commenced this action to foreclose on a note
and mortgage given by Parasol Inn Joint Venture to finance
the purchase of real property for a hotel condominium proj-
ect. The joint venture is composed of appellant DAV Corpo-
ration and respondents NCF Financial Corporation and
Parasol Development Corporation. NCF is a wholly owned
subsidiary of the mortgagee, respondent North Carolina
Federal.

DAV counterclaimed against North Carolina Federal,
cross-claimed against its codefendants, and impleaded third
parties. DAV demanded a jury trial on these claims which
the trial judge refused.

On appeal, the Court of Appeals held DAV's claims were
permissive and therefore DAV had waived its right to a jury
trial by asserting them in this equitable foreclosure action.
The Court of Appeals concluded that because the trial
judge's refusal to grant a jury trial did not deprive DAV of a
mode of trial to which it was entitled, the order was not
directly appealable. *See C & S Real Estate Services, Inc. v.*

*Massengale,* 290 S. C. 299, 350 S. E. (2d) 191 (1986), *modified,*
*Johnson v. South Carolina National Bank,* 292 S. C. 51, 354
S. E. (2d) 895 (1987). DAV's appeal was dismissed.

DAV first contends it is entitled to a jury trial on its
counterclaims. We agree in part.

DAV asserted the following counterclaims against North
Carolina Federal:

1) breach of a subsequent oral contract to arrange addi-
tional financing for interest payments and construc-
tion costs;

2) breach of the joint venture agreement as parent com-
pany of joint venturer NCF by bringing the foreclosure
action;

3) breach of fiduciary duty to co-joint venturers;

4) wrongful dissolution of the joint venture by failing to
voluntarily refrain from foreclosure as agreed;

5) violation of the Unfair Trade Practices Act by breach-
ing the oral agreement;

6) breach of two subsequent oral contracts to purchase
DAV's interest in the joint venture.

DAV requested dismissal of the foreclosure action and
damages for the alleged breaches of contract on these
counterclaims.

A party does not waive its right to a jury trial on a
counterclaim asserted in an equity action if the coun-
terclaim is legal and compulsory in nature. *Johnson v.
South Carolina National Bank, supra.* First, it must be
determined that DAV's counterclaims are legal in nature.
North Carolina Federal argues the counterclaims are equi-
table rather than legal because they rely on an equitable
remedy of piercing the corporate veil. We reject this charac-
terization. DAV alleges direct actions by North Carolina
Federal in breaching the purported agreement to provide
additional financing. We hold these counterclaims are legal
in nature.

Next, it must be determined that the counterclaims are
compulsory. By definition a counterclaim is compulsory only
if it arises out of the same transaction or occurrence as the
opposing party's claim. Rule 13(a), SCRCP. Courts have

employed four tests[1] to determine whether a counterclaim is compulsory under this definition:

1) Are the issues of fact and law largely the same?
2) Would res judicata bar a subsequent suit on the counterclaim?
3) Does substantially the same evidence apply?
4) Is there any logical relationship between the claim and the counterclaim?

The fourth test, the "logical relationship test" is by far the most widely accepted because of its flexibility. See 6 C. Wright & A. Miller, Federal Practice & Procedure § 1410 (1971). The Court of Appeals applied both the "same issues of law and fact test" and the "logical relationship test" to determine DAV's counterclaims were permissive rather than compulsory.

We hereby adopt the logical relationship test. Applying this test to the facts at hand, we conclude that all but DAV's sixth counterclaim are compulsory.

Both the promissory note and the joint venture agreement were executed on January 24, 1984. The promissory note by its terms prohibits any oral modification of the original loan agreement. The joint venture agreement specifies that respondent North Carolina Federal has the right of first refusal on all future construction loans and "end-loans" for the project. All of DAV's first five counterclaims allege North Carolina Federal's right to bring suit on the note were modified by its oral agreement to provide additional financing as contemplated in the joint venture agreement.

Clearly, there is a logical relationship between the enforceability of the note which is the subject of the foreclosure action and the validity of the purported oral agreement which, if performed, would have avoided default on the note by the joint venture. See *Columbia Plaza Corp. v. Security Nat'l Bank*, 525 F.(2d) 620 (D. C. Cir. 1975) (counterclaim on alleged enlargement of original loan subject of

---

[1] The Fourth Circuit has refused to confine itself to any single test and has instead applied all four to determine if a counterclaim was compulsory. See *Sue & Sam Manuf. Co. v. B-L-S Const. Co.*, 538 F. (2d) 1048 (4th Cir. 1976).

plaintiff's suit is compulsory under logical relationship test); *Kolb v. Naylor*, 658 F. Supp. 520 (N. D. Iowa 1987) (counterclaim for lender's breach of fiduciary duty is compulsory in foreclosure action). We therefore hold DAV's first five counterclaims are compulsory under the logical relationship test.

DAV's sixth counterclaim, on the other hand, alleges breach of two December 1984 oral agreements that North Carolina Federal would purchase DAV's interest in the joint venture. These alleged agreements do not affect the enforceability of the note. Applying the logical relationship test, we hold this counterclaim is permissive.

We conclude the Court of Appeals too stringently applied the logical relationship test as to the first five counterclaims. These five are compulsory legal counterclaims and DAV therefore did not waive its right to a jury trial by asserting them in a foreclosure action. As to the sixth counterclaim, this claim is permissive and DAV waived its right to a jury trial on this claim.

DAV further contends it is entitled to a jury trial on its cross-claims and third party claims. Generally, cross-claims are permissive, *see Hall v. General Motors Corp.*, 647 F. (2d) 175 (D. C. Cir. 1980); *Dunn v. Sears, Roebuck & Co.*, 645 F. (2d) 511 (5th Cir. 1981); Rule 13(g), SCRP (party *may* assert cross-claim against coparty), as are third party claims, *see City of Gretna v. Defense Plant Corp.*, 159 F. (2d) 412 (5th Cir. 1947); Rule 14(a), SCRP (defendant *may* implead third party). The Court of Appeals correctly ruled DAV waived its right to a jury trial by asserting these claims in the foreclosure action.

Accordingly, the judgment of the Court of Appeals is

Reversed in part and affirmed in part.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.