23436

FIRST-CITIZENS BANK AND TRUST COMPANY OF SOUTH CAR-OLINA, as Trustee under the Will of W. Jennings Hucks, deceased, Plaintiff v. Rudene HUCKS, Jenny Hucks Thompson, Ted J. Hucks, Dennis Hucks and First-Citizens Bank and Trust Company of South Carolina as Executor under the Will of W. Jennings Hucks, deceased, Of Whom First-Citizens Bank and Trust Company of South Carolina, as Trustee under the Will of W. Jennings Hucks, deceased, and as Executor under the Will of W. Jennings Hucks, deceased, Rudene Hucks and Jenny Hucks Thompson are Respondents and Ted J. Hucks and Dennis Hucks are Appellants. Appeal of Ted J. HUCKS and Dennis Hucks.

(408 S.E. (2d) 222)

Supreme Court

*Clifford H. Tall,* of *Leiter & Tall,* Myrtle Beach, *for appellants.*

*Steven M. Anastasion,* of *Callison, Tighe, Robinson & Anastasion,* Columbia, *for respondent First-Citizens Bank and Trust Co. of South Carolina.*

*John P. Henry,* of *Thompson, Henry, Gwin, Brittain & Stevens, P.A.,* Conway, *for respondent Rudene Hucks.*

Submitted Dec. 14, 1990.

Decided July 22, 1991.

FINNEY, Justice:

Appellants Ted J. Hucks and Dennis Hucks appeal from a circuit court order referring to the master-in-equity for final adjudication by jury trial their counterclaim which involves legal issues. We reverse and remand.

This action commenced when Respondent First-Citizens Bank and Trust Company of South Carolina (First-Citizens) initiated suit for Declaratory Judgment against appellants. The appellants filed counterclaims alleging breach of contract and breach of fiduciary duties and requested a jury trial on all legal issues. The circuit court referred all issues to the master with the direction that the claims for equitable relief be tried by the master and the claims which are legal in nature be tried by jury. The order provided further that any appeal from the final judgment of the court or verdict of the jury shall be directly to the South Carolina Supreme Court. First-Citizens consented to the order of reference.

The sole issue on appeal is whether the circuit court erred in referring to a master-in-equity legal issues for trial by jury. First-Citizens' complaint seeks equitable relief. Appellants' counterclaim involves legal claims and seeks monetary damages. Appellants contend the master lacks jurisdiction to conduct jury trials. We agree.

A party does not waive its rights to a jury trial on a counterclaim asserted in an equity action if the counterclaim is legal and compulsory in nature. *North Carolina Federal S & L v. DAV Corp.*, 298 S.C. 514, 381 S.E. (2d) 903 (1989). "If the complaint is equitable and the counterclaim legal and compulsory, the defendant has the right to a jury trial on the counterclaim." *Johnson v. South Carolina Nat. Bank*, 292 S.C. 51, 52, 354 S.E. (2d) 895, 896 (1987). This Court set forth in *Johnson* the procedure to be followed in suits such as the case at bar.

> ... [W]here a complaint is equitable and the counterclaim is legal and compulsory, the trial judge has two options. He may either order separate trials pursuant to Rule 42(b) or may order the claims tried in a single proceeding. In making this determination, caution should be taken to assure that, under the circumstances of the case, a joint trial will not deprive a party of his right to a full jury trial of legal issues.

*Johnson*, 354 S.E. (2d) at 897.

It is undisputed that appellants' counterclaim is legal in nature. Thus, the crucial question is whether the counterclaim is compulsory or permissive. By definition, a counterclaim is compulsory only if it arises out of the same transaction or occurrence as the opposing party's claim. SCRCP Rule 13(a). In *North Carolina Federal S & L v. DAV Corp., supra,* this Court held that the test for determining if counterclaims are permissive or compulsory is whether there is a logical relationship between the claim and the counterclaim.

In the instant case, the trustee's equity action seeks a declaration of rights arising in the administration of a trust. The legal counterclaim alleges that the trustee has breached its contractual agreement and fiduciary duty. We find that there is a logical relationship between the counterclaim and the claim. Hence the counterclaim is compulsory, and appellants are entitled to a jury trial on their counterclaim.

The master is without jurisdiction to conduct jury trials. Thus, the legal issues in this case should not have been referred to the master for final adjudication.

Where the issues are complicated, a case may be referred to a master for the limited purpose of making factual findings to be received by the circuit court as evidence only. *See First Palmetto State Bank and Trust Co. v. Boyles*, 394 S.E. (2d) 313 (S.C. Sup. Ct. 1990). For the foregoing reasons, this case is reversed and remanded.

Reversed and remanded.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.