2229

ADVANCE INTERNATIONAL, INC., Respondent v. NORTH CAROLINA NATIONAL BANK OF SOUTH CAROLINA, Appellant.

(449 S.E. (2d) 580)

Court of Appeals

---

*S. Keith Hutto* and *James Y. Becker,* Columbia, *for appellant.*

*Harry A. Swagart, III,* Columbia, *for respondent.*

Heard Sept. 7, 1994.

Decided Sept. 19, 1994; Reh. Den. Oct. 27, 1994.

GOOLSBY, Judge:

Advance International, Inc. brought this action against North Carolina National Bank of South Carolina (NCNB) in which it seeks damages based on claims alleging fraud, negligence, and unfair trade practices. The trial court struck from NCNB's answer the defense that these claims were compulsory counterclaims to a foreclosure action previously brought by NCNB in which NCNB named Advance International a party defendant and the defense that principles of res judicata barred Advance International from now asserting these claims because Advance International failed to assert them as counterclaims in the prior foreclosure action. NCNB appeals. We affirm.

NCNB made a mortgage loan to Court 'N Cars, Inc. in 1989 for the development and construction of an automobile-oriented shopping mall. Court 'N Cars sought additional financing from Advance International the following year. Before Advance International made a second mortgage loan to Court 'N Cars, it allegedly received oral assurances from a representative of NCNB that the mall's anchor tenant was financially strong and could perform its lease with Court 'N Cars. Six months after Advance International made its second mortgage loan to Court 'N Cars, the anchor tenant stopped making its lease payments to Court 'N Cars and filed for bankruptcy.

NCNB subsequently filed a foreclosure action against Court 'N Cars and joined Advance International as a party defendant because of Advance International's status as a second mortgagee. Advance International answered NCNB's complaint but did not dispute NCNB's right to foreclose its

mortgage. On March 10, 1992, the trial court issued its order of foreclosure.

Advance International filed this action twenty-one days later.

## I. *Compulsory Counterclaims*

NCNB maintains the claims for fraud, negligence, and unfair trade practices made against it in this action by Advance International come too late because these claims were compulsory counterclaims under Rule 13(a), SCRCP,[1] in the foreclosure action brought by NCNB that included Advance International as a defendant. We do not agree.

A counterclaim is compulsory only if a "logical relationship" exists between the claim and the counterclaim. *North Carolina Fed. Sav. & Loan Ass'n v. DAV Corp.,* 298 S.C. 514, 381 S.E. (2d) 903 (1989). In *DAV,* the lender sought to foreclose on a note and a mortgage on a hotel condominium project in which it and DAV were joint venturers. DAV counterclaimed, alleging, in part, the lender modified its right to sue on the note by entering into a subsequent oral agreement to provide additional financing to the joint venture. Our supreme court held the counterclaim was compulsory because "there [was] a logical relationship between the enforceability of the note which [was] the subject of the foreclosure action and the validity of the purported oral agreement which, if performed, would have avoided default on the note by the joint venture." *Id.* at 518, 381 S.E. (2d) at 905.

NCNB's alleged representations to Advance International and the effect these representations had on Advance International's decision to make a loan to Court 'N Cars could not have affected NCNB's right to enforce the note and foreclose the mortgage. *Cf. Id.* at 519, 381 S.E. (2d) at 905 (a counterclaim alleging a breach of two oral agreements held permissive in a foreclosure action where the alleged oral agreements did not affect the enforceability of the

---

[1] Rule13(a), SCRCP, provides:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

note). We therefore hold the claims in question, had they been asserted defensively in the former foreclosure action, would have been permissive counterclaims.

NCNB, however, argues the three claims now asserted by Advance International would have affected the enforceability of NCNB's note and mortgage had they been asserted in the foreclosure action because the claims, at bottom, constitute the defense of unclean hands. Even so, the defense of unclean hands only applies to "the transaction with the defendants themselves and not with respect to others." *Arnold v. City of Spartanburg*, 201 S.C. 523, 532, 23 S.E. (2d) 735, 738 (1943). Thus, the unclean hands defense purportedly arising out of NCNB's conduct toward Advance International would not have applied to the transaction between NCNB and Court 'N Cars and barred NCNB's foreclosure of its mortgage.

NCNB also argues Advance International's claims constitute the defense of equitable subordination, a defense that would have affected the priority and enforceability of NCNB's note and mortgage. Whatever may be the case elsewhere, South Carolina, to date, has only allowed equitable subordination in bankruptcy proceedings where a creditor's claim is based on a debt that is not bona fide. *Peoples Fed. Sav. & Loan Ass'n v. Myrtle Beach Golf & Yacht Club*, — S.C. —, —, 425 S.E. (2d) 764, 775 (Ct. App. 1992) (holding that "[t]he linchpin in the decisions applying the doctrine of equitable subordination is the conviction that insider misconduct caused injury to the creditors of a bankrupt corporation.") The instant action is not a bankruptcy proceeding and there is no suggestion here that Court 'N Car's debt to NCNB was not bona fide.

NCNB next argues Advance International's claims "could have been more conveniently and efficiently litigated" in NCNB's foreclosure action, thus conserving "judicial resources." Perhaps and, then again, perhaps not. The trial court would have had to order separate trials if indeed the claims were compulsory and had been asserted in the foreclosure action. Where a complaint is equitable and the counterclaim, for which a jury trial is requested, is legal and compulsory, the trial court must order separate trials pursuant to Rule 42(b), SCRCP. *First-Citizens Bank and Trust*

*Co. of S.C. v. Hucks*, 305 S.C. 296, 408 S.E. (2d) 222 (1991). A foreclosure action is an action in equity, *Continental Mtg. Investors v. Quail Run Assocs.*, 280 S.C. 409, 312 S.E. (2d) 272 (Ct. App. 1984), whereas claims for damages based on fraud, negligence, and unfair trade practices, for which Advance International requested a jury trial, are actions at law. *See O'Shea v. Lesser*, 308 S.C. 10, 416 S.E. (2d) 629 (1992) (action alleging, *inter alia*, fraud and negligence and seeking damages is one at law); *Payne v. Holiday Towers, Inc.*, 283 S.C. 210, 321 S.E. (2d) 179 (Ct. App. 1984) (action alleging unfair trade practices is an action at law).

## II. *Res Judicata*

NCNB next contends the doctrine of res judicata bars Advance International's claims. Again, we do not agree.

Res judicata applies where there is identity of parties, identity of subject matter, and an adjudication of the issue in the former suit. A litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit.

*Hilton Head Ctr. v. Public Serv. Comm'n*, 294 S.C. 9, 11, 362 S.E. (2d) 176, 177 (1987) (citations omitted).

[T]he true requirement [of an identity of the subject matter] is that the causes of action in the two suits shall be the same. . . . [T]he same transaction or state of facts may give rise to distinct or successive causes of action. . . . Therefore a judgment in a former suit, although between the same parties and relating to the same subject matter, is not a bar to a subsequent action, when the cause of action is not the same.

50 C.J.S. *Judgments* § 652, at 97 (1947).

Here, there is no identity of the subject matter. NCNB's foreclosure action arose from different facts than those that support Advance International's present claims.

Affirmed.

SHAW, J., and HOWARD, Acting Judge, concur.