24178

Ruth G. MULLINAX, as Administrator of the Estate of Leslie A. Mullinax, Appellant v. Barbara Ann BATES, Respondent.

(453 S.E. (2d) 894)

Supreme Court

*Timothy L. Brown*, Greenville, *for appellant.*

*Barney O. Smith, Jr.*, of *Parham & Smith, P.A.*, Greenville, *for respondent.*

Heard Nov. 2, 1994.

Decided Jan. 9, 1995.

MOORE, Justice:

This appeal is from an order of the circuit court affirming the probate court's dismissal of this action on the ground it should have been brought as a compulsory counterclaim in a prior claim. We reverse.

## FACTS

Appellant (Estate) commenced this action against respondent (Bates) alleging Bates, Bates' husband, and Estate's deceased (Mullinax) were engaged in a joint venture to operate an apple orchard. Estate demanded an accounting of the profits and expenses of the joint venture and sought recovery from Bates under theories of breach of contract and unjust enrichment. The probate court[1] found the action should have been brought as a compulsory counterclaim in a prior action by Bates against Estate and dismissed the action with prejudice. On appeal, the circuit court affirmed.

## ISSUE

Is this action barred because it was not brought as a compulsory counterclaim in the prior action between Bates and Estate?

## DISCUSSION

Rule 13, SCRCP, which is applicable to probate court via S.C. Code Ann. § 62-1-304 (1987), provides in pertinent part:

---

[1] The action was commenced in circuit court and transferred to probate court.

> (a) A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

This Court has held that a claim is a compulsory counterclaim under Rule 13(a) if there is a "logical relationship" between the claim and the counterclaim. *First Citizens Bank & Trust Co. v. Hucks*, 305 S.C. 296, 408 S.E. (2d) 222 (1991); *North Carolina Fed. Savings & Loan Assoc. v. DAV Corp.* 298 S.C. 514, 381 S.E. (2d) 903 (1989).

In this case, the initial action between the parties was a claim against Estate brought by Bates. Bates claimed she was owed $5,000 for money she paid toward an irrigation system purchased by Mullinax. Estate contested the claim on the ground the $5,000 represented Bates' share of expenses incurred in a joint farming operation run by Mullinax and Bates. The probate court ruled Bates' claim was properly denied.

In this subsequent action brought by Estate against Bates, Estate alleged Bates owed Mullinax money for his share of the profits in an apple orchard. Allegedly, Bates and her husband provided the land for planting, Mullinax purchased the trees, and each party contributed to the cost of labor and expenses.

The farming operation involved in the first action was specifically described as a truck farming operation whose crops were beans, squash, cabbage, and peppers. This farming operation began in 1981 and ended in 1984. The apple orchard, on the other hand, was an ongoing operation at least as late as 1990. The apple orchard partnership also included Bates' husband who was not an alleged partner in the truck farming operation.

Bates produced no evidence to support the contention Estate's claim for apple orchard profits has a logical relation to an accounting of the truck farming operation other than the fact that each involves Bates and Mullinax in an alleged partnership. Bates places much emphasis on the fact she responded to a subpoena duces tecum in the first action that re-

quired her to produce records from *any* joint farming operation between herself and Mullinax. There is nothing in the record, however, identifying evidence produced in the first action that related to the apple orchard or indicating that such evidence would have been relevant in that action. Under these facts, we find no logical relationship between these claims.

Accordingly, the probate court's order dismissing the action is

Reversed.

CHANDLER, C.J., and FINNEY, TOAL and WALLER, JJ., concur.