**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

HSBC Mortgage Corporation, USA, Appellant,

v.

Frederick J. Otterbein IV a/k/a Frederick John Otterbein IV, Heather H. Otterbein, and First Federal Savings and Loan Association a/k/a First Federal Savings and Loan Association of Charleston, Defendants,

Of Whom Frederick J. Otterbein IV a/k/a Frederick John Otterbein IV and Heather H. Otterbein are the Respondents.

Appellate Case No. 2013-001531

———————————

Appeal From Berkeley County
R. Markley Dennis Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-029
Heard November 12, 2014 – Filed January 14, 2015

———————————

**AFFIRMED**

———————————

Robert Hope Jordan and Merritt Gordon Abney, both of Nelson Mullins Riley & Scarborough, LLP, of Charleston, for Appellant.

Mary Leigh Arnold, of Mary Leigh Arnold, P.A., of Mt. Pleasant, for Respondents.

---

**PER CURIAM:** HSBC Mortgage Corporation (HSBC) appeals the circuit court's denial of its motion to strike Frederick and Heather Otterbein's demand for a jury trial, arguing the Otterbeins are not entitled to a jury trial because their counterclaims are equitable and permissive. We affirm.

Following the dismissal of HSBC's mortgage foreclosure action against the Otterbeins, the circuit court denied HSBC's motion to strike the Otterbeins' demand for a jury trial on their pending counterclaims. On appeal, HSBC first argues the circuit court erred in denying its motion to strike because the Otterbeins' counterclaims for breach of contract and negligent misrepresentation are equitable. We disagree and find the Otterbeins' counterclaims for breach of contract and negligent misrepresentation are legal. *See Wachovia Bank, Nat'l Ass'n v. Blackburn*, 407 S.C. 321, 330, 755 S.E.2d 437, 441 (2014) ("If the complaint is equitable and the counterclaim is legal and compulsory, the plaintiff or the defendant has a right to a jury trial on the counterclaim. . . ."); *id.* at 328, 755 S.E.2d at 440-41 ("A mortgage foreclosure is an action in equity." (quoting *Hayne Fed. Credit Union v. Bailey*, 327 S.C. 242, 248, 489 S.E.2d 472, 475 (1997))); *Sterling Dev. Co. v. Collins*, 309 S.C. 237, 240, 421 S.E.2d 402, 404 (1992) ("An action for breach of contract seeking money damages is an action at law." (citation omitted)); *Rushing v. McKinney*, 370 S.C. 280, 289, 633 S.E.2d 917, 922 (Ct. App. 2006) (noting a claim of negligent misrepresentation is a legal cause of action).

Next, HSBC argues the Otterbeins' counterclaims for breach of contract and negligent misrepresentation are permissive. We disagree and find the Otterbeins' legal counterclaims for breach of contract and negligent misrepresentation are compulsory. *See First-Citizens Bank & Trust Co. of S.C. v. Hucks*, 305 S.C. 296, 298, 408 S.E.2d 222, 223 (1991) ("By definition, a counterclaim is compulsory only if it arises out of the same transaction or occurrence as the opposing party's claim." (citing Rule 13(a), SCRCP)); *Mullinax v. Bates*, 317 S.C. 394, 396, 453 S.E.2d 894, 895 (1995) (indicating the test for determining if a counterclaim is compulsory is whether there is a "logical relationship" between the claim and the counterclaim); *Advance Int'l, Inc. v. N.C. Nat'l Bank of S.C.*, 316 S.C. 266, 269-70, 449 S.E.2d 580, 582 (Ct. App. 1994) (holding that, in a foreclosure action, the "logical relationship" test is performed by determining whether the counterclaim would affect the lender's right to enforce the note and foreclose the mortgage), *aff'd in part, vacated in part*, 320 S.C. 532, 466 S.E.2d 367 (1996); *N.C. Fed. Sav. &*

*Loan Ass'n v. DAV Corp.* 298 S.C. 514, 518, 381 S.E.2d 903, 905 (1989) (holding the respondents' counterclaims alleging that the bank's right to bring suit was modified by a subsequent oral agreement to provide additional financing were compulsory because "there [was] a logical relationship between the enforceability of the note which is the subject of the foreclosure action and the validity of the purported oral agreement which, if performed, would have avoided default on the note").

As to whether the Otterbeins are entitled to a jury trial on their counterclaims for unjust enrichment, accounting, and declaratory and injunctive relief, we find the Otterbeins conceded that these claims were abandoned on appeal during oral argument. *See Way v. Way*, 398 S.C. 1, 7 n.7, 726 S.E.2d 215, 219 n.7 (Ct. App. 2012) (finding this court need not address an issue that was conceded during oral argument).

**AFFIRMED.**

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**