**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

V.E. Amick & Associates, LLC, Respondent,

v.

James L. Cooper Jr., Pamela C. Cooper, Palmetto Environmental Group, Inc., and Ecological Resources, Inc., Appellants.

Appellate Case No. 2013-000209

———————

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-189
Heard September 10, 2014 – Filed April 8, 2015

———————

**AFFIRMED**

———————

Luke Richard Gleissner, of Gleissner Law Firm, LLC, of Columbia, for Appellants.

Wesley Dickinson Peel, of Bruner Powell Wall & Mullins, LLC, of Columbia, and Matthew Hydrick Stabler, of Wyrick Robbins Yates & Ponton, LLP, of Raleigh, NC, both for Respondent.

———————

**PER CURIAM:** James L. Cooper Jr., Pamela C. Cooper, Palmetto Environmental Group, Inc., and Ecological Resources, Inc. (collectively, Appellants) seek review of two circuit court orders granting V.E. Amick & Associates, LLC's (Respondent) motion to strike Appellants' affirmative defenses (one of which is also designated as a counterclaim), and granting in part Appellants' motion to reconsider. Appellants argue that the circuit court erred in: (1) finding Appellants' unclean hands defense is barred by *res judicata*; (2) using the incorrect standard in evaluating Respondent's motion to strike; (3) finding Appellants' "intentional interference with contractual relationships and business relationship" defense is barred by *res judicata*; and (4) finding Appellants are precluded from asserting their compulsory counterclaim for "intentional interference with contractual relationships and business relationship." We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in finding Appellants' unclean hands defense is barred by *res judicata*: *State v. Freiburger*, 366 S.C. 125, 134, 620 S.E.2d 737, 741 (2005) (concluding that an issue is not preserved for appeal where one ground is raised below and another ground is raised on appeal); *Gause v. Smithers*, 403 S.C. 140, 151, 742 S.E.2d 644, 650 (Ct. App. 2013) (explaining that an issue cannot be raised for the first time on appeal).

2. As to whether the circuit court used the correct standard in evaluating Respondent's motion to strike: *Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance.").

3. As to whether the circuit court erred in finding Appellants' "intentional interference with contractual relationships and business relationship" defense is barred by *res judicata*: *Yelsen Land Co. v. State*, 397 S.C. 15, 22, 723 S.E.2d 592, 596 (2012) (stating that in the context of *res judicata*, "the concept of privity rests not on the relationship between the parties asserting it, but rather on each party's relationship to the subject matter of the litigation"); *Judy v. Judy*, 393 S.C. 160, 167, 712 S.E.2d 408, 412 (2011) (explaining that *res judicata* bars a second suit where the following elements are proven: (1) identity of parties; (2) identity of subject matter; and (3) adjudication of the issue in the first suit); *Richburg v. Baughman*, 290 S.C. 431, 434, 351 S.E.2d 164, 166 (1986) ("The term 'privy,' when applied to a judgment or decree, means one so identified in interest with another that he represents the same legal right.").

4. As to whether Appellants' counterclaim for "intentional interference with contractual relationships and prospective business relationships" is compulsory: Rule 13(a), SCRCP ("A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."); *Crestwood Golf Club, Inc. v. Potter*, 328 S.C. 201, 217, 493 S.E.2d 826, 835 (1997) (explaining that if a compulsory counterclaim is not raised in the first action, a defendant is precluded from asserting the claim in a subsequent action); *Beach Co. v. Twillman, Ltd.*, 351 S.C. 56, 62, 566 S.E.2d 863, 865 (Ct. App. 2002) ("By definition, a counterclaim is compulsory only if it arises out of the same transaction or occurrence as the opposing party's claim." (quoting *First–Citizens Bank & Trust Co. v. Hucks*, 305 S.C. 296, 298, 408 S.E.2d 222, 223 (1991))).

**AFFIRMED.**

**GEATHERS and McDONALD, JJ., and CURETON, A.J., concur.**