**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

National Bank of South Carolina, Respondent,

v.

Thaddeus F. Segars; KCS Investments, LLC; Singleton Place Homeowners Association, Inc., and Suntrust Mortgage Inc., Defendants,

Of Whom Thaddeus F. Segars is the Appellant.

Appellate Case No. 2014-001296

_____

Appeal From Beaufort County
Marvin H. Dukes, III, Special Circuit Court Judge

_____

Unpublished Opinion No. 2016-UP-325
Submitted April 1, 2016 – Filed June 22, 2016

_____

**AFFIRMED**

_____

Thomas Justin Finn, of Finn Law Firm, PC, of Hilton Head Island, for Appellant.

Bryson Moore Geer, Merritt Gordon Abney, and Erika Jensene Karnaszewski, all of Nelson Mullins Riley & Scarborough, LLP, of Charleston; and Daniel Allen

Saxon, of Novit & Scarminach, PA, of Hilton Head Island, for Respondent.

———————

**PER CURIAM:** Tad Segars appeals from the circuit court's order granting National Bank of South Carolina's (NBSC's) motion for summary judgment on the basis that the applicable three-year statute of limitations expired on Segars' counterclaims. Segars argues the master erred in granting summary judgment to NBSC (1) when Segars filed compulsory counterclaims within the time allowed to file a responsive pleading and (2) on the basis the statute of limitations had expired when Segars had no way of discovering NBSC's negligence until Segars obtained a copy of the appraisal. We affirm.

1.      Segars argues the master erred in granting summary judgment to NBSC when he filed compulsory counterclaims within the time allowed to file a responsive pleading. Sections 15-3-530(1) and (5) of the South Carolina Code (2005) provide a three-year statute of limitations for an action upon a contract, obligation, or liability, and tort claims. "Under 'the discovery rule, the statute of limitations begins to run when a cause of action reasonably ought to have been discovered.'" *CoastalStates Bank v. Hanover Homes of S.C., LLC*, 408 S.C. 510, 517, 759 S.E.2d 152, 156 (Ct. App. 2014) (quoting *Dean v. Ruscon Corp.*, 321 S.C. 360, 363, 468 S.E.2d 645, 647 (1996)). "By definition, a counterclaim is compulsory only if it arises out of the same transaction or occurrence as the opposing party's claim." *First-Citizens Bank & Trust Co. of S.C. v. Hucks*, 305 S.C. 296, 298, 408 S.E.2d 222, 223 (1991); *see also* Rule 13(a), SCRCP. Our supreme court has held a counterclaim is compulsory "if there is a 'logical relationship' between the claim and the counterclaim." *Mullinax v. Bates*, 317 S.C. 394, 396, 453 S.E.2d 894, 895 (1995) (citation omitted). During the hearing on the motion for summary judgment, Segars conceded his counterclaims for breach of fiduciary duty and breach of contract accompanied by a fraudulent act. Therefore, the only remaining counterclaim for the master to consider was Segars' claim for negligent misrepresentation. Segars filed his counterclaims on September 28, 2009; however, the master's order erroneously stated they were filed on August 19, 2009. The master determined the statute of limitations barred Segar's counterclaims if he knew or should have known prior to August 19, 2006, that the

claim against NBSC might exist.[1]  The master also held that by March 16, 2005, at the latest, Segars had actual knowledge the Office of Coastal Resource Management (OCRM) line was not located where he thought it was at the time of purchase and the line's location would affect his ability to build a residence on Lot 2.  We find Segars was not entitled to a tolling of the statute of limitations for his remaining counterclaim for negligent misrepresentation because the statute of limitations for his claim expired on March 16, 2008, before NBSC filed its foreclosure action on July 6, 2009.

2.      Segars argues the master erred in granting summary judgment to NBSC on the basis the statute of limitations had expired when he had no way of discovering NBSC's negligence until he obtained a copy of the appraisal.  NBSC's appraisal of Lot 2 was prepared on June 2, 2004, seven days before the closing, and Segars testified he did not review the appraisal prior to closing.  We find that once Segars had notice the OCRM baseline had not been moved, which the trial court determined was by March 16, 2005, at the latest, he had notice that the value of Lot 2 was negatively impacted and there might be a problem with the appraisal. Further, Segars testified the contingency that Lot 2 be appraised for $1.6 million or greater was for NBSC's benefit and protection.  There was no such contingency for Segars' benefit, and the contract to purchase Lot 2 had no contingency that the property be appraised for a specific amount.  In fact, at the time of NBSC's appraisal, the financing contingency of Segars' contract to purchase Lot 2 had expired, so he was required to purchase the property regardless of NBSC's appraisal of the property.  Finally, the deed conveying Lot 2 to Segars specifically referenced the second OCRM-approved plat, and Segars acknowledged receipt of the plat by acceptance of the deed.  Therefore, we find the master did not err in granting summary judgment to NBSC on the basis the statute of limitations had expired.

**AFFIRMED.[2]**

**SHORT and THOMAS, JJ., and CURETON, A.J., concur.**

---

[1]  The corrected date for the statute of limitations would have been September 28, 2006.
[2]  We decide this case without oral argument pursuant to Rule 215, SCACR.