**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Phillip DeClemente, a/k/a Alec Rochford, Appellant,

v.

Assistive Technology Medical Equipment Services, LLC; Jeffery Reed; Murrell G. Smith, Respondents,

And

Phillip DeClemente, a/k/a Phillip Goodpaster, Appellant,

v.

Assistive Technology Medical Equipment Services, LLC (ATMES); and Jeffery Reed; Murrell G. Smith, Respondents.

Appellate Case No. 2018-001413

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

Unpublished Opinion No. 2020-UP-263
Submitted March 2, 2020 – Filed September 9, 2020

**AFFIRMED**

Cameron Lee Marshall, of Charleston, for Appellant.

James Emerson Smith, Jr., of James E. Smith Jr., PA, of Columbia, for Respondents.

---

**PER CURIAM:** In this consolidated appeal of two cases, Phillip DeClemente (Appellant) appeals Judge Nicholson's order granting summary judgment to Assistive Technology Medical Equipment Services, LLC, Jeffrey Reed, and Murrell G. Smith (collectively, Respondents). In moving for summary judgment on Appellant's breach of contract claim, Respondents set forth two main arguments: 1) that the statute of limitations barred the claim, and 2) that the claim was barred by Appellant's failure to raise it as a compulsory counterclaim in the parties' 2011 litigation. Judge Nicholson found Appellant's claim was barred by the statute of limitations. Appellant also appeals Judge Nicholson's dismissal of his declaratory judgment action against Respondents. We affirm.

1. We find no merit to Appellant's argument that Judge Nicholson erred in overruling Judge Dennis's ruling on the statute of limitations. Judge Dennis's order denying Respondents' motion to dismiss did not establish the law of the case. *See McLendon v. S.C. Dep't of Highways and Pub. Transp.*, 313 S.C. 525, 526 n.2, 443 S.E.2d 539, 540 n.2 (1994) ("[L]ike the denial of a motion for summary judgment, the denial of a motion to dismiss does not establish the law of the case and the issue can be raised again at a later stage of the proceedings.").

2. We find unpreserved Appellant's argument that an email from Reed demonstrated Respondents did not have a clear intention to breach the promissory note on December 1, 2011, the date upon which Judge Nicholson noted Appellant was served with the complaint in *Assistive Technology Medical Equipment Services v. Hood & Selander, CPAS, LLC., et al*, 11-CP-10-8011 (2011 Action). This argument was not raised to Judge Nicholson, and, thus, he did not rule on it. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) (noting a party must file a motion pursuant to Rule 59(e), SCRCP, "when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review").

3. Judge Nicholson properly dismissed the declaratory judgment action, in which Appellant sought a ruling on the enforceability of the full and final release's

damages satisfaction requirement.[1]  We find both the declaratory judgment action and the breach of contract action are barred by the doctrine of res judicata.  *See Judy v. Judy*, 393 S.C. 160, 172, 712 S.E.2d 408, 414 (2011) ("Res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties." (quoting *Plum Creek Dev. Co. v. City of Conway*, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999))); *Crestwood Golf Club, Inc. v. Potter*, 328 S.C. 201, 217, 493 S.E.2d 826, 835 (1997) ("[I]f a counterclaim is compulsory, but not raised in the first action, a defendant is precluded from asserting the claim in a subsequent action."); *Morris v. Jones*, 329 U.S. 545, 550-51 (1947) ("A judgment of a court having jurisdiction of the parties and of the subject matter operates as res judicata, in the absence of fraud or collusion, even if obtained upon a default." (*quoting Riehle v. Margolies*, 279 U.S. 218, 225 (1929))); *Stark Truss Co. v. Superior Constr. Corp.*, 360 S.C. 503, 512, 602 S.E.2d 99, 104 (Ct. App. 2004) (finding the circuit court did not err in dismissing appellants' counterclaims because "[a]s appellants were in default and failed to timely file and serve their answer, they also failed to timely assert their counterclaims"); *First-Citizens Bank & Trust Co. of S.C. v. Hucks*, 305 S.C. 296, 298, 408 S.E.2d 222, 223 (1991) ("By definition, a counterclaim is compulsory only if it arises out of the same transaction or occurrence as the opposing party's claim."); *Mullinax v. Bates*, 317 S.C. 394, 396, 453 S.E.2d 894, 895 (1995) (stating a counterclaim is compulsory when "there is a 'logical relationship' between the claim and the counterclaim").  We find a logical relationship exists between Appellant's claim concerning the enforceability of the Release and Respondents' claims in the 2011 Action.  Accordingly, we hold Judge Nicholson correctly held the claims Appellant asserted in his 2017 Action complaint were compulsory counterclaims to the 2011 Action; thus, he was barred by res judicata from relitigating them.  Similarly, we find a logical relationship exists between Appellant's claim for breach of contract and Respondents' claims in the 2011 action, and thus, the breach of contract claim was a compulsory counterclaim to the 2011 Action.  Therefore, the doctrine of res judicata also supports Judge Nicholson's grant of summary judgment on this claim.[2]

---

[1] Appellant filed the current cases while the 2011 Action against him was still being litigated in circuit court.

[2] *See* Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal."); *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000) (holding the appellate court may rely on any "reason appearing in the record to affirm the lower court's judgment").

**AFFIRMED.**[3]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.