# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Deutsche Bank National Trust Company, as Trustee for NovaStar Mortgage Funding Trust, Series 2007-1 NovaStar Equity Loan Asset Backed Certificates, Series 2007-1, Respondent,

v.

The Estate of Patricia Ann Owens Houck, Tammy M. Bailey, South Carolina Department of Motor Vehicles, Defendants,

of which the Estate of Patricia Ann Owens Houck and Tammy M. Bailey are the Petitioners.

Appellate Case No. 2021-001292

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Lexington County
James O. Spence, Master-in-Equity

---

Opinion No. 28169
Heard June 7, 2023 – Filed August 9, 2023

---

## AFFIRMED AS MODIFIED AND REMANDED

---

Andrew Sims Radeker, of Harrison, Radeker & Smith, P.A., of Columbia, for Petitioners.

Jonathan Edward Schulz and George Benjamin Milam, both of Bradley Arant Boult Cummings LLP, of North Carolina, for Respondent.

---

**JUSTICE JAMES:** In this appeal, we must decide whether a bank's foreclosure claim is barred because the bank did not assert the claim as a counterclaim in prior litigation between the parties. In 1998, Petitioner Patricia Ann Owens Houck, now deceased, purchased a mobile home and placed it on her land in Lexington County. At closing, Houck executed a $60,400 note in favor of NovaStar Mortgage, Inc. The note contained a fifteen-year balloon provision, requiring the balance to be paid in full on July 1, 2013. The note was secured by a mortgage on Houck's mobile home and real property. Houck subsequently conveyed the property to Petitioner Tammy Bailey, and NovaStar assigned the note to Respondent Deutsche Bank (the Bank).

In 2013, Petitioners commenced an action against the Bank for conversion, violations of the Attorney Preference Statute,[1] and violations of the South Carolina Unfair Trade Practices Act (SCUTPA).[2] At that time, Petitioners were not in default on the note. However, Petitioners defaulted on the note before the Bank answered the complaint. The Bank did not assert a foreclosure counterclaim. The action was tried before a jury, and a verdict was rendered for the Bank.

In 2016, the Bank commenced this foreclosure action against Petitioners. Petitioners moved for partial summary judgment, arguing the foreclosure claim was a compulsory counterclaim in the 2013 litigation and was therefore barred under Rule 13(a) of the South Carolina Rules of Civil Procedure. The Master-in-Equity agreed, granted Petitioners' motion for partial summary judgment, and ordered the Bank to record a satisfaction of the mortgage. The Bank appealed.[3] The court of appeals reversed the Master's grant of partial summary judgment to Petitioners and

---

[1] S.C. Code Ann. § 37-10-102 (2015) (providing that when the primary purpose of a loan secured by a mortgage is for a personal, family, or household purpose, a "creditor must ascertain prior to closing the preference of the borrower as to the legal counsel that is employed to represent the debtor in all matters of the transaction relating to the closing of the transaction").

[2] S.C. Code Ann. §§ 39-5-10 to -730 (2023).

[3] Petitioners also appealed, arguing the Master erred in failing to order the Bank to pay a penalty under South Carolina Code section 29-3-320 (2007). That issue is not before us.

remanded for further proceedings, holding that under the "logical relationship test," the Bank's foreclosure claim was not a compulsory counterclaim in the 2013 litigation. *Deutsche Bank Nat'l Tr. Co. v. Est. of Houck*, 434 S.C. 500, 509-10, 863 S.E.2d 829, 834 (Ct. App. 2021).

We first clarify the standard of review. Whether a counterclaim is compulsory is a question of law to be reviewed de novo. *Ziegler v. Dorchester Cnty.*, 426 S.C. 615, 619, 828 S.E.2d 218, 220 (2019).

We affirm the result reached by the court of appeals under the logical relationship test, but we prospectively abolish that test. Although this Court adopted the logical relationship test in *North Carolina Federal Savings & Loan Ass'n v. DAV Corp.*, 298 S.C. 514, 517-18, 381 S.E.2d 903, 905 (1989), we neither set forth factors to consider under the test nor explained whether the test expands or limits the scope of Rule 13(a). The test has since been cited and applied in a way that does not track Rule 13(a). *See, e.g.*, *Carolina First Bank v. BADD, L.L.C.*, 414 S.C. 289, 295, 778 S.E.2d 106, 109 (2015); *Wachovia Bank, Nat'l Ass'n v. Blackburn*, 407 S.C. 321, 330 n.7, 755 S.E.2d 437, 442 n.7 (2014); *Mullinax v. Bates*, 317 S.C. 394, 396, 453 S.E.2d 894, 895 (1995); *First-Citizens Bank & Tr. Co. of S.C. v. Hucks*, 305 S.C. 296, 298, 408 S.E.2d 222, 223 (1991); *S.C. Cmty. Bank v. Salon Proz, LLC*, 420 S.C. 89, 97, 800 S.E.2d 488, 492 (Ct. App. 2017); *Beach Co. v. Twillman, Ltd.*, 351 S.C. 56, 61, 566 S.E.2d 863, 865 (Ct. App. 2002). We now hold that in cases commenced on or after the effective date of this opinion, the question of whether a counterclaim is compulsory is governed by the plain language of Rule 13(a).

Rule 13(a) plainly provides that a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Rule 13(a), SCRCP. Judges and lawyers are well-equipped to determine whether a claim is compulsory under the plain language of this rule.

We affirm the court of appeals as modified and remand to the Master for further proceedings.

**AFFIRMED AS MODIFIED AND REMANDED.**

**BEATTY, C.J., KITTREDGE, FEW and HILL, JJ., concur.**